(93 South. 260)

## CABEL v. STATE. (3 Div. 427.)

(Court of Appeals of Alabama. June 6, 1922.)

1. Witnesses ⏾370(3)—Cross-examination, in prosecution for assault, as to civil action by witness against defendant, admissible to show bias.

In prosecution for assault and battery, refusal to allow defendant to show, on cross-examination of the injured party and her husband, that injured party had instituted a civil action for damages against the defendant, *held* reversible error; such testimony being admissible to show the bias or interest of such witnesses.

2. Witnesses ⏾372(1,3)—Bias or interest of witness may be shown on cross-examination, and witness may be contradicted.

Generally, on cross-examination of a witness, any fact may be elicited which tends to show bias or partiality, and if the witness denies the fact showing the bias or interest, the cross-examining party may call other witnesses to contradict the witness.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Anita Cabel was convicted of assault and battery, and she appeals. Reversed and remanded.

Arrington. & Arrington and Ludlow Elmore, all of Montgomery, for appellant.

The court erred in not permitting it to be shown that the witnesses had a civil action pending against the defendant growing out of this transaction. 90 South. 54; ante, p. 67,

88 South. 376; 17 Ala. App. 301, 84 South. 777; 100 Ala. 144, 14 South. 409, 46 Am. St. Rep. 28; 40 South. 665.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This defendant was indicted and tried for assault with intent to murder. She was convicted of assault and battery and duly sentenced to imprisonment in the county jail for the term of four months. From this judgment of conviction she appeals, and it is here insisted that the court erred in refusing to allow defendant to show on cross-examination of the injured party, Mrs. Lelon Loftin, and by her husband, W. D. Loftin, that a civil action for $10,000 against this defendant was pending, wherein Mrs. Loftin (the witness) was plaintiff, and that this civil suit was based upon the same act as that complained of in this prosecution.

[1, 2] This insistence is well taken, and the rulings of the court in this connection constituted error to a reversal. This evidence was admissible, and should have been allowed, in order to show bias or interest upon the part of these witnesses, so that their testimony could be weighed and considered by the jury in the light of such bias or interest, if such existed. The general rule is that on cross-examination of a witness, any fact may be elicited which tends to show bias or partiality, and, if the witness denies the fact showing the bias or interest, the cross-examining party may call other witnesses to contradict the witness on this very material question. It cannot be doubted that the bias or interest contemplated by this rule may be engendered by a pecuniary interest, as well as by ill will, hate, or by love or friendship. And certainly it cannot be doubted that the outcome of a criminal prosecution, based upon the same transaction as that of a civil action, would be regarded as having much influence upon the latter. The following authorities sustain the holding here made, and show that error of such nature as to materially affect the substantial rights of this appellant was committed by the court in these several rulings complained of and to which exceptions were duly reserved: Byrd v. State, 17 Ala. App. 301, 84 South. 777; Tapscott v. State (Ala. App.) 88 South. 376;[1] Brown v. State (Ala. App.) 90 South. 54;[2] Prince v. State, 100 Ala. 144, 14 South. 409, 46 Am. St. Rep. 28; Shackleford v. State, 147 Ala. 688, 40 South. 665.[3]

---

[1] Ante, p. 67.  [2] Ante, p. 91.
[3] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in the Alabama Reports.

⏾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

No other questions are presented. For the errors designated, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.