(117 So. 497)

### PELHAM v. STATE.   (1 Div. 786.)

Court of Appeals of Alabama.   June 26, 1928.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Hybart & Hare, of Monroeville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

PER CURIAM.   The homicide complained of in this indictment, and for which appellant was convicted of murder in the second degree, grew out of a trivial matter alleged to have occurred between state witness Walter Johnson and the defendant, relative to 75 cents claimed by Johnson to be due him by the Vredenburgh Lumber Company for four hours' work that Johnson claimed the defendant, who was the foreman of the planer mill, failed to "turn in" for him. The evidence shows that Oliver, the deceased, though no kin to Walter Johnson, interested himself in Johnson's behalf, and approached the defendant in a belligerent manner about the matter. The evidence shows also without dispute that the defendant had recently discharged Johnson from his working at the planer mill. There was no evidence showing, or tending to show, any ill will or bad feelings upon the part of defendant towards deceased before the difficulty. It is manifest, from the record, that said Walter Johnson was the moving spirit in the difficulty, and that, as a result of his activities, the difficulty occurred, resulting in the death of Oliver. In this connection the defendant, on cross-examination of Johnson, the principal state witness, undertook to ascertain his (Johnson's) movements just prior to the difficulty, and it is apparent that the witness was very reluctant in giving evidence of these important details. After having testified that he went to deceased's house for supper, and that he and the deceased came back together and were looking for the defendant, and found him in the commissary, witness stated: "I went in there and told him Mr. Oliver wanted to see him." Here the record shows the following:

"Q. Now you were hanging around there on the outside of the store, waiting for Mr. Pel-

ham? A. He was out there and I went in the store—

"Q. To spy and see if he was in there? A. I went in there to tell him that Mr. Oliver said he wanted to speak to him.

"Q. Did you go back out there to where Mr. Oliver was? A. I don't remember.

"Q. Isn't it a fact that you did go back there, Mr. Johnson? A. I went out there in a little while."

Here counsel for defendant said: "Come clean with it."

We agree with the trial court in ruling that this was an improper manner of examining a witness, and that counsel for defendant had no right to admonish the witness in such manner. Nor should the solicitor have been allowed to state as a fact before the jury, "*He's coming clean*." The exception reserved in this connection must be sustained. The remark was unauthorized, improper, and prejudicial. It was but the conclusion of the solicitor, and invasive of the province of the jury.

We are of the opinion that there was also error in the ruling of the court improperly abridging the cross-examination by defendant of state witness Willis Hall. The testimony of this witness was highly damaging to defendant, and was in direct conflict with much of the evidence in this case. The witness was asked: "What are your feelings towards Mr. Pelham here?" and he answered: "They are good." In order to test the truth and sincerity of this statement, defendant undertook to show that his feelings were in fact not good, and that he entertained hard feelings towards defendant because of his children having gotten some of the company's wood which Pelham had been required by the company to sell. The court sustained the solicitor's objection to this line of inquiry, and would not permit him to ask witness if they did not get after him about it. Evidence of this character is always admissible in order to show prejudice, ill will, and bias of a witness as against the accused; the reason therefor is to give the jury all of the facts necessary to a full and fair consideration of his evidence, and to enable them to determine the degree of credit to be accorded. Lodge v. State, 122 Ala. 97, 26 So. 210, 82 Am. St. Rep. 23. "In weighing testimony the jury ought to be in possession of all the facts calculated to exert any influence upon the witness." Prince v. State, 100 Ala. 144, 14 So. 409, 46 Am. St. Rep. 28.

Other points of decision are insisted upon as error, but these questions will probably not arise upon another trial; hence need not be discussed.

Reversed and remanded.

SAMFORD, J. (dissenting). I cannot agree with my brothers for the following reasons:

The state introduced as one of its principal witnesses Walter Johnson, whose testimony tended to prove the state's case. On cross-examination of this witness many questions were asked by defendant's counsel, to which answers were returned unfavorable to defendant's contention. In the midst of these cross-questions the defendant interpolated this statement: "Come clean with it." This was objected to by the state, and the objection was sustained. Defendant's counsel had no right to admonish the witness in any such manner. There is no error here. The way I read the record, there was no exception reserved to the remark of the solicitor that the witness "was coming clean," which remark was made in connection with the objection to the admonition above referred to.

Glen Jasperson was being examined as a witness for the state. The testimony had shown the relative positions of several parties at the time of the fight. One McCants was one of the eyewitnesses, and Jasperson was asked on cross-examination if McCants was in a better position to hear than anybody. This question called for a conclusion, and for that reason was objectionable.

The difficulty which resulted in the homicide arose over the failure of defendant to "give in" the time of Walter Johnson, who had been working under defendant in the planing mill. It was therefore relevant to prove when it was customary for the time of laborers to be "given in." The payment of wages was dependent upon the amount of time turned in by the superintendent and defendant was a superintendent.

On the cross-examination of state's witness Hall, he was asked: "And they got after you about it?" There is nothing to indicate that defendant was among the "they" inquired about, and, the way I view it, this was an effort to inject into the trial the interest of other parties, none of whom were witnesses in the case.

State's witness Arnold testified for the state that shortly after the difficulty defendant gave to him a two-bladed bone-handled knife, and told him to destroy it. When asked what he did with it, he answered. "I showed it to Mr. Lee and Mr. Noble." Motion was made to exclude. The fact that witness showed the knife to Lee and Noble was excluded by the court along with the conversation between witnesses Lee and Noble at the time they were being shown the knife. The solicitor tried to limit the ruling to exclude to the conversation, but the court, responding to the suggestion, said: "That he showed it to them and what he said there."

The foregoing are all the questions and exceptions insisted upon in brief of counsel for appellant. I think the judgment should be affirmed.