(134 So. 888)

# PELHAM v. STATE.

## I Div. 968.

Court of Appeals of Alabama.
May 12, 1931.

Rehearing Denied May 19, 1931.

C. L. Hybart, of Monroeville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for the term of five years.

Upon two former trials, under the same indictment he was convicted, first of murder in the second degree, next of manslaughter in the first degree. Both judgments of conviction were here reversed on appeal. The evidence, on all three trials, was substantially the same, and it has heretofore been narrated, and discussed, by this court to what we regard an ample degree to illustrate the few holdings we feel called upon to here declare. See Pelham v. State, 22 Ala. App. 529, 117 So. 497, and Pelham v. State, 23 Ala. App. 359, 125 So. 688.

Since the bill of exceptions, on this appeal, contains no mention of an exception reserved to the trial court's action in overruling appellant's motion for a new trial, it would here be out of place for us to make any comments upon the weight and sufficiency, vel non, of the evidence to support the verdict of the jury, any way. Grace v. Old Dominion Garment Co., 213 Ala. 550, 105 So. 707.

In the midst of the trial of the case, the appellant asked that the jury be allowed to withdraw from the courtroom, which they did. And, out of the presence of the jury, he made a motion that the case be withdrawn from the jury, and the cause continued, on the ground that it had "just been made known to him that Clarence Bilbray's half sister had married Joe Oliver, a brother of the deceased." (Clarence Bilbray was one of the jurors trying the case.) This motion was overruled, and appellant reserved an exception to the court's action.

We do not think the exception has merit. Juror Bilbray would not have been subject to challenge for cause, even had the above information been declared on his voir dire. Code 1923, § 8610. And it is not shown that appellant was denied any right to procure information, etc., as provided in Code 1923, § 8662.

It having been shown that deceased was stabbed by a knife, in the hands of appellant, there was no error in permitting the witness Grady Arnold to testify that, just a few minutes after the killing, appellant gave him a knife and told him to de-

stroy it. There was testimony from which the jury might have inferred that this was the same knife with which appellant stabbed deceased, and "the destruction or concealment of pertinent evidence is always a prejudicial circumstance" etc. Lancaster v. State, 21 Ala. App. 140, 106 So. 609, 615; 2 Wharton, Ev. par. 748.

 Appellant's written requested charge No. 3 was in the following language: "You are to give no consideration to the fact that the grand jury indicted the defendant in reaching your verdict. You are to base your verdict solely on the evidence as it comes from the witness stand and the law as the Court has given it to you."

The trial court refused this charge, and the substance of same was not otherwise given to the jury.

We find no error in the refusal of this charge. True, the trial court, it appears, could have given same, without his action having been subject to criticism. Prater v. State, 193 Ala. 40, 69 So. 539. But the charge was "a mere argument and was properly refused." Morris v. State, 146 Ala. 66, 101, 41 So. 274, 284. This refused charge 3 being similar in all respects to the charge referred to in the quoted language, above, from the opinion in the Morris Case, we must necessarily follow the holding in that case. Code 1923, § 7318.

 We find no fault with the action of the trial court in allowing the question, on cross-examination of appellant's witness Taylor McCants, as to whether he (McCants) had a knife at the time and place of the fatal difficulty. It would seem that allowing the question to be put, and requiring an answer to be given, did not transcend the rules permitting a thorough and sifting cross-examination of the witness. Then, besides, there was testimony from which the jury could have inferred that witness had the knife for the purpose of going to appellant's aid, should he need aid.

■ Appellant's written requested charge A asserts no proposition of law, and hence was properly refused. Johnson v. State, 152 Ala. 46, 44 So. 670.

■ Appellant's written requested charge 14 was properly refused, if for no other reason, because it omits to hypothesize his freedom from fault in bringing on the difficulty.

■ Appellant's written, requested charge 7 is in the identical language of defendant's written, requested charge 26, held to be good in Bluett v. State, 151 Ala. 41, 44 So. 84. It has ever since been declared prejudicial error to refuse such a requested charge, in cases where same was applicable, unless, forsooth, the substance of same was otherwise given to the jury; the latest utterance by

our Supreme Court to this effect coming to our attention being in Buffalow v. State, 219 Ala. 407, 122 So. 633.

In this case, the court has read and considered the pertinent testimony, sitting en banc. We are of the opinion, and hold, that said written, requested charge 7 was not abstract, and neither was its substance fully given to the jury otherwise. For the error in its refusal, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.