169 So. 325

**GEORGE v. STATE.**

6 Div. 905.

Court of Appeals of Alabama.

May 19, 1936.

Rehearing Denied June 9, 1936.

Beddow, Ray & Jones, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case, omitting the formal part, reads as follows: "The Grand

Jury of said county charge that, before the finding of this indictment, T. M. George, whose Christian name is to the Grand Jury otherwise unknown, unlawfully, and with malice aforethought, did assault A. S. Johnson with the intent to murder him, etc."

It does not appear that any objection was interposed to the indictment by plea in abatement or otherwise. The trial in the court below resulted in the conviction of the defendant for the offense of assault and battery; the jury assessing a fine of $500. Failing to pay said fine and the costs of this proceeding or to confess judgment therefor, the court duly sentenced this appellant to perform hard labor for the county for a term of 140 days to pay the fine, and to 215 days to pay the costs at the rate of 75 cents per day. In addition to the foregoing, the court added 6 months hard labor for the county. From the judgment of conviction, this appeal was taken.

The evidence in this case, without dispute, discloses that a difficulty occurred on the day in question between the appellant and Johnson, the alleged injured party. Each of these parties claim that the other party was the aggressor and brought on the difficulty in which the two participants were injured; Johnson by having been shot in the lower part of his leg with a pistol fired by appellant, and appellant by having been kicked severely in the mouth and upon his breast by Johnson. Their testimony as to the details of the difficulty was in sharp conflict, presenting, therefore, a question for the jury to determine. The evidence, without dispute, tended to show that the defendant was a man of general good character, and also that his character for peace and quiet was good. Numerous witnesses testified to these facts, and, as stated, there was no conflict in the evidence upon this inquiry.

■ The state in no manner tried to impeach the defendant, nor was his character for truth and veracity made an issue upon the trial. It follows, therefore, that the court ruled correctly in not allowing the defendant to offer evidence to sustain his character for truth and veracity, and the numerous exceptions reserved to the court's rulings in this connection are patently not well taken. Sustaining evidence as to the character of a witness for truth and veracity is only competent where impeaching evidence has been offered. Witnesses may be impeached upon evidence of their general bad character or by showing statements made by them contradictory of those testified to, and, in the latter instance, a proper predicate as to time and place of such contradictory statements must be laid. The mere contradiction of one witness by another as to any fact testified to, does not authorize the introduction of sustaining evidence of good character for truth and veracity as to either of such witnesses.

Many other insistences of error are presented and have been examined. We deem it unnecessary to discuss all of these points of decision in detail, as no good purpose could be served by so doing.

■ Briefs have been furnished by respective counsel in this case, and we note that the principal insistence of error by appellant is confined to the rulings of the court in not allowing him to offer certain evidence tending to show bias upon the part of Johnson, the alleged injured party, in giving his testimony. The defendant made every possible effort to offer evidence to the effect that, subsequent to the difficulty and prior to the trial of this case, Johnson had brought suit against defendant seeking to recover $50,000 for damages growing out of the same transaction for which he was then on trial, and that said civil action was then pending in the circuit court of Jefferson county.

There appears no controversy by respective counsel as to the principle of law involved in this question, as it is conceded by the state, in briefs, it was permissible for the defendant to show that the injured party, Johnson, who testified as a witness, and filed a suit against the defendant in this case for damages growing out of the same transaction upon which the criminal prosecution was based, for the purpose of showing interest of the witness in the outcome of the criminal prosecution. But in this connection the state insists that the questions propounded to the witness did not properly seek to elicit such testimony from the witness, in that the questions failed to indicate that the damage suit referred to grew out of the same transaction on which the criminal proceeding was based. And it is insisted, from all that appears from either of these questions, the damage suit referred to could have grown out of some other transaction altogether foreign to the transaction on which the criminal proceeding was

based. It is further insisted the fact that a damage suit growing out of a different transaction was pending between these parties would not have caused the witness to have been interested in the outcome of the criminal prosecution.

We are not impressed with this argument. While it must be admitted the questions propounded by counsel for defendant in connection with the matter under consideration could have been more specific and definite, but, as put, we are of the opinion they were sufficiently clear, and that the court, counsel, and jurors, as well as the parties and witness, were informed as to the nature of the inquiry, and that the questions as framed related to the same transaction upon which this criminal prosecution was predicated. However, if this is not true, the utterances or statement of the trial judge in this connection certainly had the result of dispelling any or all doubt which may have existed in the minds of all parties to this proceeding. The record shows the statements here referred to and made by the trial judge to be as follows: "The Court: Gentlemen of the jury, this is a case of the State of Alabama against the defendant at the bar, a criminal prosecution. Whether there will be a damage suit growing out of this transaction hasn't anything whatever to do with this case. You are to take the evidence in this case as it comes from the witness stand, and from that evidence decide this case." And later on in the case the record shows the following to have occurred: "Counsel for the defendant then asked the defendant the following question: 'Q. Mr. George, I will ask you to tell the jury whether or not papers have been served on you by the Sheriff of this county since your arrest and since your indictment—a complaint wherein this man Johnson is claiming the sum of fifty thousand dollars against you?' The Solicitor objected to the question as immaterial, irrelevant, incompetent and illegal. Here the court made the following statement in the presence and hearing of the jury: 'I would just like to make a statement. I sustain the objection and will state now that I don't consider evidence relative to an alleged damage suit growing out of this transaction, by Mr. Johnson against Mr. George, as being admissible in this case. That is the attitude of the court on the subject.'" There were other rulings and statements by the court of like import, and in addition thereto counsel for defendant undertook to introduce in evidence the original summons and complaint upon which said civil suit between these parties was predicated and pending in the circuit court of the Tenth judicial circuit, which of necessity had the effect of dispelling all doubt as to the fact that the civil suit was based upon the same transaction as the criminal prosecution then being tried. Proper objections were interposed and exceptions duly reserved to the several rulings and utterances of the court in this connection. These exceptions were well taken and are here sustained. The utterances of the court were inadvertent and erroneous, as were the several rulings of the court on this question. Cabel v. State, 18 Ala.App. 557, 93 So. 260, and cases cited. In the Cabel Case, supra, this court said: "This insistence is well taken, and the rulings of the court in this connection constituted error to a reversal. This evidence was admissible, and should have been allowed, in order to show bias or interest upon the part of these witnesses, so that their testimony could be weighed and considered by the jury in the light of such bias or interest, if such existed. The general rule is that on cross-examination of a witness, any fact may be elicited which tends to show bias or partiality, and, if the witness denies the fact showing the bias or interest, the cross-examining party may call other witnesses to contradict the witness on this very material question. It cannot be doubted that the bias or interest contemplated by this rule may be engendered by a pecuniary interest, as well as by ill will, hate, or by love or friendship. And certainly it cannot be doubted that the outcome of a criminal prosecution, based upon the same transaction as that of a civil action, would be regarded as having much influence upon the latter."

In 70 Corpus Juris, p. 955, par. 1159, under the heading, "Other litigation, Prosecutions, or Charges between Party and witness," it is said: "The pendency of litigation between the witness and the opposite party may be shown to expose the interest of a witness in the result of an action or prosecution. Thus, where a witness in a criminal prosecution has a civil suit pending against accused; or where a witness in a civil suit has a kindred suit against the opposite party, he cannot be said to be without an interest which might affect his credibility. Moreover, even though a suit growing out of the same transaction or accident has already ter-

minated, it may still be shown as bearing on his bias or prejudice."

Mr. Underhill, in his most excellent work, Underhill's Criminal Evidence (4th Ed.) § 437, says: "The bias of a witness and his interest in the event of the prosecution are not collateral, and may always be proved to enable the jury to estimate his credibility." And he further says: "Under modern rules, the possession of a pecuniary interest in the outcome of an action may always be shown, even in a criminal proceeding, as a fact from which the jury may infer that the witness is biased."

To prolong this discussion is unnecessary. The rulings of the court complained of and hereinabove considered were error in each instance, necessitating a reversal of the judgment of conviction from which this appeal was taken.

Reversed and remanded.