114 So.2d 302

Edna **FERGUSON**

v.

**STATE.**

8 Div. 409.

Court of Appeals of Alabama.

Aug. 18, 1959.

H. T. Foster, Scottsboro, for appellant.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

PRICE, Judge.

In a prosecution arising out of the death of a child caused by automobile accident, appellant was convicted of manslaughter in the second degree under an indictment charging second degree murder.

During the cross-examination of state's witness Wilma Mae Davis, mother of the dead child, the court refused to allow defendant to show that the witness had brought suit against the defendant for damages growing out of the same transaction upon which the criminal prosecution was based.

A party to an action or proceeding, civil or criminal, may elicit from an opposing witness on cross-examination any fact tending to show bias against him or that the witness is interested in the outcome of the litigation. Sowell v. State, 30 Ala.App. 18, 199 So. 900; Adams v. State, 30 Ala. App. 188, 2 So.2d 468; Louisville & N. R. Co. v. Courson, 234 Ala. 273, 174 So. 474.

Under this rule a witness for the prosecution in a criminal case may be compelled to disclose on cross-examination that he has instituted a civil action for damages against the accused based on the acts involved in the criminal case. Cabel v. State, 18 Ala.App. 557, 93 So. 260; George v. State, 27 Ala.App. 196, 169 So. 325; Mc-Cain v. City of Montgomery, 38 Ala.App. 568, 92 So.2d 678; Morrison v. State, 267 Ala. 1, 100 So.2d 744. See also 98 C.J.S. Witnesses § 546, p. 488; Wharton's Criminal Evidence, 12th Ed., Sec. 909, p. 326.

The rulings of the court were erroneous, necessitating a reversal of the judgment of conviction.

Reversed and remanded.