FAULKNER, Justice.
This is a petition for writ of certiorari to the Court of Criminal Appeals of Alabama, filed by the Attorney General. We grant the writ and reverse the appellate court.
On the night of August 11, 1974, Gayle Hudson stopped Leon Vinson to ask for directions to get from North Court Street, Montgomery, to 1-85 North. Vinson told Hudson, who was accompanied by another man and a woman, to follow him, as he was going that way. After they had travelled some distance, Hudson blinked his lights, and blew his horn. Vinson, thinking Hudson was in trouble, stopped. Hudson walked up to his car, pointed a gun at him, and said, “Get out, this is a holdup.”
While Vinson stood beside his car with his hands up, Officer Hamilton, who was off duty, drove up. He stopped his car and announced that he was a police officer. One of the bandits moved into the darkness in a way that silhouetted Hamilton in the lights of his car. Hudson fired twice at Hamilton. The first bullet penetrated his chest and he fell to the ground. The second hit him in the legs. Meanwhile, Hamilton fired, and Hudson was hit on his hand and shoulder. After the shootout, the bandits escaped, and the wounded officer drove himself to Gunter Air Force Base. There he was denied help. He then drove to Jackson Hospital and received medical attention.
Hudson, along with the other two outlaws, was apprehended by Alabaster police *593 men. Eventually, they were returned to Montgomery.
Hudson, charged with assault with intent to murder, was permitted by the trial court, with the consent of his counsel, to file a written waiver of arraignment, entering pleas of not guilty, and not guilty by reason of insanity, to the indictment. Hudson was convicted and sentenced to 20 years in the penitentiary, by a Montgomery County jury. His conviction was reversed by the Court of Criminal Appeals on two grounds. First, the court said it was error to permit Hamilton to testify that he drove himself to Gunter Air Base and to the hospital in his wounded condition. Second, the court said a defendant must personally plead to an indictment. Consequently, “waiver of personal appearance in court at arraignment without a corollary leave to file all preliminary pleas in reversible error.”
I

The Evidence Question

The Court of Criminal Appeals, in using the evidence question as a ground of reversal, said “Phillips v. State, 161 Ala. 60, 49 So. 794 (1909) is controlling.” In Phillips the trial court permitted a physician to testify that he had taken an assault victim to Atlanta for treatment. This court reversed, saying the conduct of the doctor in taking the victim to Atlanta did not have any element of spontaneity; that “It did not spring naturally and immediately from the infliction of the wound.”
We are of the opinion Phillips and this case are distinguishable. In Phillips the testimony came from a third person, the doctor, while in this case, the testimony came from the victim. Here, the officer’s conduct did spring naturally and immediately from the wound infliction. It was relevant, material, and was properly admitted by the trial court. Cf. Bryant v. State, 31 Ala.App. 355, 17 So.2d 427 (1944).
II

Written Waiver of Personal Appearance at Arraignment

Section 2, Act No. 314, Acts of Alabama, Special and Regular Sessions, 1973, Vol. 1, p. 444, provides:
“If a defendant in a criminal case pending in a court of competent jurisdiction shall enter a written plea of not guilty at any time prior to the day of his arraignment such plea shall constitute a waiver of his right to have an arraignment at which he is present in person or at which he is represented by an attorney.”
When the Court of Criminal Appeals decided the issue of written waiver of personal appearance at arraignment, the Attorney General did not cite Act No. 314 (relating to counties of not less than 150,-000, nor more than 180,000 inhabitants) to the court. The court, therefore, did not consider the Act in its opinion. The Act was cited in brief, and in argument, to this court by amicus curiae, District Attorney Evans of Montgomery County.
Under authority of the Act, the written waiver was permissible.
The judgment of the Court of Criminal Appeals is reversed and the cause remanded.
REVERSED AND REMANDED.
HEFLIN, C. J., and MERRILL, BLOODWORTH, MADDOX, JONES, SHORES and EMBRY, JJ., concur.