BOWEN W. SIMMONS, Supernumerary Circuit Judge.
A jury found appellant-defendant guilty of robbery in Montgomery County and *808 fixed his punishment at ten years imprisonment in the penitentiary. Judgment therefor was duly entered and this appeal was taken therefrom.
I
An issue here presented is whether defendant should have been arraigned by the court, advised of the charges against him and called upon to plead in person.
Section 2, Act 314, Acts of Alabama, Special and Regular Sessions 1973, Vol. 1, p. 444, a general act with local application to Montgomery County, reads as follows:
“If a defendant in a criminal case pending in a court of competent jurisdiction shall enter a written plea of not guilty at any time prior to the day of his arraignment such plea shall constitute a waiver of his right to have an arraignment at which he is present in person or at which he is represented by an attorney.”
It appears that defendant, with the concurrence and approval of his attorney, who executed a certificate of approval, signed a waiver of .his right to have an arraignment in this case at which he is present and represented by his attorney. In this waiver, defendant entered a plea of not guilty.
No constitutional issues concerning this waiver or the effect thereof, or the constitutionality of the Act were raised in the lower court and will not be heard on this appeal. There was no motion for a new trial, and for aught appearing in the record, no constitutional issues were heard by the trial court. We will not here consider these issues for that they were not raised below. City of Talladega v. Ellison, 262 Ala. 449, 79 So.2d 551; Howard v. Pike, 290 Ala. 213, 275 So.2d 645; Alabama Digest, Vol. 2, 170(2).
The waiver which defendant signed and the certificate of his attorney appear in the record (Tr. 3). We are impressed that defendant was fully informed as to what he was signing and waived arraignment; also he entered his plea of not guilty and was tried on that issue. In re Hudson v. State (1976), 295 Ala. —, 333 So.2d 592.
II
The next assertion of error relates to the admission in evidence of defendant’s confession.
It appears in the record that the trial court, outside the presence of the jury, heard evidence as to the voluntariness of the confession and also evidence relating to the Miranda warning given defendant who also testified. The court ruled the warning was given and the confession was voluntary.
The State also adduced evidence before the jury as to such warnings and to the effect that the confession was voluntarily given after predicate that there was no force, threats, inducement, etc., by the officer taking the confession or by anyone in his presence. The jury had the benefit of this voluntary confession and its weight. The confession was properly admitted in evidence.
III
The next contention is whether “prior questioning by police concerning certain burglaries and grand larcenies is admissible in evidence.”
The following excerpt from the record indicates a question posed by defendant’s counsel to defendant’s mother who took the stand for her son:
“Q. And your son has not been in trouble with the police before, serious trouble?
“A. No. Not serious trouble.”
The following excerpt from the record indicates a question posed by his counsel to defendant and his answer:
“Q. All right. Even if you heard the words, that you didn’t understand ?
*809 “A. I didn’t know them. Like I told him, I ain’t never been in trouble with the law. Not—No less than petty larceny, or something like that.”
These questions and answers were the subject of cross-examination by the State and questions on cross relating to his arrests for crimes were permissible. Lewis v. State, 43 Ala.App. 16, 178 So.2d 649; Johnson v. State, 42 Ala.App. 511, 169 So.2d 773.
This judgment should be and it is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.