Appellant-defendant was charged in an indictment with the embezzlement of $800.00, the personal property of Dynamic Industries, Inc., a corporation. He was found guilty by a jury, and the court fixed his punishment at imprisonment for nine years and sentenced him accordingly.
There is no contention on appeal that the evidence was not sufficient to support the verdict of the jury, and our review of the evidence convinces us that the issue as to defendant's guilt under the evidence was properly determinable by a jury. For that reason, we will not attempt a recital of any of the evidence other than that which is pertinent to questions of law discussed herein.
The conduct of defendant constituting the alleged embezzlement occurred in May and June 1976 while he was employed as the manager or "supervisor of operations" of five convenience stores in Dothan, Alabama, which were owned by Dynamic Industries (hereinafter referred to as Dynamic) which was based in Ft. Worth, Texas. A large part of the evidence consisted of business records composed chiefly of daily reports filled in by the manager of each particular store, reflecting in detail the supplies bought, the items sold, expenses and other matters showing a profit or loss during the day. The original of each report was sent to the home office of Dynamic in Ft. Worth. In the process of auditing the records at the home office, substantial fiscal discrepancies to the deficit of Dynamic were noted. It was discovered that large sums of money, including the sum of $600 in one day, had been withdrawn from money of Dynamic, as shown by sixteen daily reports. By the testimony of an official of Dothan Beverage Company, a major discrepancy was shown between some of the amounts actually paid to the beverage company and the amounts reflected by the records of Dynamic.
The evidence shows without dispute that on several occasions defendant made withdrawals from the funds on hand of Dynamic. Defendant's explanation was that the withdrawals were to meet the financial requirements of Dynamic, particularly as to a large purchase of beer from Dothan Beverage Company. In his testimony, defendant denied using for his own benefit any of the money he had withdrawn from the funds of Dynamic.
The testimony thus devolved largely into an intricate accounting process, which was never resolved into a determination by either party as to how much money defendant had withdrawn from the funds of Dynamic or how much he had used to pay obligations of Dynamic, and we have not been favored by a definite, conclusive contention of either party in this respect. *Page 492 
Two chief witnesses for the State were Don Delp and Gene Evans, operations manager and comptroller respectively for Dynamic at Ft. Worth.
During defendant's cross-examination of Mr. Delp, the following occurred:
 "Q You have also — you and your corporation, Dynamic Industries, Incorporated, has also filed a civil lawsuit against him for money, haven't you?
"MR. SORRELLS: Judge, we object to that.
"THE COURT: Sustain the objection to that."
During defendant's cross-examination of Mr. Evans, the following occurred:
 "Q As the auditor of the corporation, you know that your company has filed a civil lawsuit against —
"MR. SORRELLS: Judge, we object to that.
 "THE COURT: Sustain the objection to that. Stay away from that, Mr. Hornsby."
We are pressed by appellant with the contention that the trial court should have allowed defendant, on cross-examination of these two important witnesses for the State, to show that Dynamic filed a civil suit against defendant to recover the money alleged to have been embezzled by him and that the trial court was in error in sustaining the State's objections to the questions above quoted. Appellee counters, arguing that appellant "is somewhat thorough in his presentation of the `general rule' . . . relative to the cross-examination of the witness regarding a civil suit already filed in the pending cause. However, the Appellant is not completely thorough because he fails to state that this general rule, as many other general rules, is riddled with exceptions." Thereafter appellee relies upon the "discretionary factor" of the trial court as an "exception to the general rule."
We agree with appellee that considerable discretion is vested in the trial court as to the extent it should go in permitting cross-examination of a witness "called against him, so as to assure to the party his right to a "thorough and sifting" cross-examination as provided by Code of Alabama 1940, Recomp. 1958, Tit. 7, § 443. Nevertheless, we believe there is little, if any, discretion as to whether it should permit on cross-examination questions directed to the witness for the purpose of showing that the witness has filed suit against the party about the same matter as that being litigated in the case in which the witness is to testify. In Ferguson v. State,40 Ala. App. 389, 114 So.2d 302 (1959), it was held:
 "A party to an action or proceeding, civil or criminal, may elicit from an opposing witness on cross-examination any fact tending to show bias against him or that the witness is interested in the outcome of the litigation. Sowell v. State, 30 Ala. App. 18, 199 So. 900; Adams v. State, 30 Ala. App. 188, 2 So.2d 468; Louisville N.R. Co. v. Courson, 234 Ala. 273, 174 So. 474.
 "Under this rule a witness for the prosecution in a criminal case may be compelled to disclose on cross-examination that he has instituted a civil action for damages against the accused based on the acts involved in the criminal case. Cabel v. State, 18 Ala. App. 557, 93 So. 260; George v. State, 27 Ala. App. 196, 169 So. 325; McCain v. City of Montgomery, 38 Ala. App. 568, 92 So.2d 678; Morrison v. State, 267 Ala. 1, 100 So.2d 744. See also 98 C.J.S. Witnesses § 546, p. 488; Wharton's Criminal Evidence, 12th Ed., Sec. 909, p. 326."
To the cases cited is to be added Lanier v. State, 43 Ala. App. 447, 192 So.2d 256 (1966).
Appellee also argues that as to each of the two witnesses in instant case, it was not the "witness himself" who initiated "a civil action for damages against the accused" and, for that reason, the rule advanced by appellant, which has been followed without exception in Alabama, is without application in this case. We are not favored with any authority to support such contention. However a good rule may be stated, it should not fail unless the reason for it fails. To be sure, if a witness is not related in any way to the one that has *Page 493 
filed the suit, a question addressed to him as to the filing of the suit by a third party would hardly be relevant to the question of his interest or bias. On the other hand, if there is such a close relation between the witness and the party filing the other suit that it logically follows that he would have a similar interest in the case in which he is testifying as the party who filed the other suit would have, the rationale of the rule discussed is applicable. If the fact that the other suit is not that of the witness who is testifying precludes an application of the rule, it could never be applied where the party that files the suit is a corporation. Both of the named witnesses for the State were forward eschelon agents of Dynamic. Insofar as the case before us is concerned, they were the only agents of Dynamic. The defendant should have been allowed to show by each of them on cross-examination that a suit had been filed against defendant by Dynamic.
 "It thus appears to be our rule that, notwithstanding the range of cross-examination to develop bias is largely discretionary, where the witness' testimony is important to the determination of the issues being tried, there is little, if any, discretion in the trial judge to disallow cross-examination on matters which tend to indicate the bias of the witness." Wells v. State, 292 Ala. 256, 258, 292 So.2d 471, 473.
It would be hypercritical, we think, of the questions to which the objections were sustained to say that they lack sufficient clarity to show they were inquiries about the filing of a civil suit by Dynamic against defendant as to the matter involved in the criminal case now under review. Appellee has not done so. We feel it appropriate to decide the question the parties actually submit and not go off on a tangent to which our attention has not been directed by either of the parties. It seems reasonably clear that the attorneys on the trial and the trial court understood that by the questions defendant was seeking to show by each witness that he knew Dynamic had filed a civil suit against defendant to recover funds he was alleged to have appropriated. Even if not all of this was covered in either of the questions and an additional question or questions should have been asked in order to fully disclose the object of the inquiry, defendant's counsel could not well have done so in view of the court's instruction, "Stay away from that, . . ."
It seems that no one has any doubt that defendant's guilt hinged upon whether his conduct was with fraudulent intent or that the determination thereof was for the jury. A determination thereof in favor of the State was dependent upon testimony of Mr. Delp and Mr. Evans. Their interest or bias would naturally affect the credibility of essential portions of their testimony. The defendant should have been allowed to show on cross-examination of each of said witnesses that, to the knowledge of the witness, the victim of the alleged embezzlement, the employer of each of the witnesses, had filed a civil suit against defendant that was based upon the same conduct as that for which defendant was being tried in this case. In sustaining the State's objection to the questions asked on cross-examination of Mr. Delp and Mr. Evans as above discussed, there was error substantially injurious to defendant.
Appellant also says that the trial court erroneously limited defendant in his cross-examination of witnesses for the State in respects in addition to that hereinabove considered.
We agree with appellant that cross-examination is not limited to matter brought out on direct examination of a witness and extends to all matter within the issues of the case. Coward v.McKinney, 277 Ala. 513, 172 So.2d 538 (1965); Lewis v. State,43 Ala. App. 16, 178 So.2d 649 (1965). We do not agree that there was any conflict between any of the rulings of the trial court and such rule.
Appellant also says that the trial court limited him on cross-examination of witnesses to "short and concise questions." In making this insistence, appellant refers to statements by the trial court addressed to defendant's counsel in his cross-examination *Page 494 
of witnesses. There were many instances during the cross-examination of witnesses that the defendant's questions were lengthy statements of fact that called for admonition by the trial court. Whatever was said by the court was within the nature of an admonition and did not constitute an order of the court limiting defendant's attorney to short concise questions. The following is an illustration:
 "Q Now with regards to the system of taking money out of the cash register on the weekend to pay for sometimes 4 and $5,000 for bulk sales of bulk purchases of beer, there is not anything wrong with the procedure, and that procedure was approved by the home office, and by —
"MR. SORRELLS: Judge, we object to him testifying.
 "THE COURT: Sustain the objection. Just ask him a question. A short concise question, and let him answer it, and we'll get along faster."
Instead of finding fault as charged, we find that the trial judge manifested commendable patience and excellent judgment in keeping the interrogation of witnesses within reasonable bounds.
For the errors indicated, the judgment should be reversed and the cause remanded.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article, Constitutional Amendment No. 328. His opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.