Grand larceny; sentence: one year and one day imprisonment (probation granted).
The State's evidence tended to show that around 5:15 p.m. on February 7, 1979, the appellant and her sister entered the Century Plaza branch of Rich's Department Store in Birmingham, went to the linen section, and stole several table place mats and napkins valued at $16.
The appellant was observed by Linda Hathcock, security supervisor for the store. She saw the appellant's sister open her coat to shield the appellant's actions while the appellant removed the items from a display shelf and placed them in a used Rich's sack. Both women then went to a service counter where the appellant requested a refund for the items. She presented a charge receipt in the name of Thelma Morgan as proof that the items had been brought into the store by her for the purpose of exchanging the merchandise or receiving a refund. Cynthia Oliver and Sue Kassis, employees in the linen department, prepared a $12.93 cash refund for the appellant. The refund was authorized and approved by Mrs. Hathcock. After receiving the refund, the appellant left the store and was immediately arrested.
 I
The appellant's defense centered upon her assertion that she had received the items as a late Christmas present from a friend, Thelma Morgan, and being dissatisfied with them sought to return them to the store. She procured a receipt for their *Page 282 
purchase from Thelma Morgan and proceeded to the store to either exchange the items or receive a refund.
The appellant failed to move to exclude the State's evidence or to request the affirmative charge. However, in her motion for a new trial, the sufficiency of the evidence was raised. InBridges v. State, 284 Ala. 412, 420, 225 So.2d 821, 829 (1969), our supreme court stated:
 "The rule is clearly established in this State that a verdict of conviction should not be set aside on the ground of the insufficiency of the evidence to sustain the verdict, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it was wrong and unjust. . . ."
Larceny is the felonious taking and carrying away of the personal property of another with the intent on the part of the taker to convert it to his own use or to deprive the owner of it. Jones v. State, 56 Ala. App. 444, 322 So.2d 735, cert. denied, 295 Ala. 408, 322 So.2d 741 (1975). The State's evidence, if believed by the jury, would support a guilty verdict. Martin v. State, Ala.Cr.App., 371 So.2d 460 (1979); § 13-3-50, Code of Ala. 1975. Evidence presented by the defense would disprove both the taking and the felonious intent, ifbelieved by the jury. The rule in Alabama is clear that conflicting evidence presents a jury question, and a verdict rendered thereon will not be disturbed on appeal if the State made out a prima facie case. Pugh v. State, 51 Ala. App. 164,283 So.2d 616 (1973). The truthfulness of testimony is for the jury to determine. May v. State, Ala.Cr.App., 335 So.2d 242
(1976). The instant verdict is therefore amply supported by the evidence.
 II
Appellant contends that it was error for Mrs. Hathcock to testify to the status of the "Thelma Morgan" account without the proper predicate being laid. In that instance the testimony showed that more merchandise had been returned to the store than had ever been purchased on that account. That testimony was elicited at trial without objection.
The appellant likewise contends that it was error to allow testimony concerning differences in price of the merchandise when such was determined from a "price book" without the proper predicate being established. The price book was not offered into evidence. That testimony likewise was admitted into evidence without objection.
Review on appeal is limited to matters on which rulings are invoked in the trial court below. Slinker v. State, Ala.Cr.App., 344 So.2d 1264 (1977). Objections to evidence cannot be raised for the first time on appeal. Nichols v.State, 267 Ala. 217, 100 So.2d 750 (1958).
 III
Appellant contends that her confession was erroneously admitted into evidence as no predicate as to voluntariness was established.
Linda Hathcock testified that after she arrested the appellant she took her to the store's security room, informed her of the charge against her, and read her the Miranda rights. The appellant then signed a waiver of those rights. Mrs. Hathcock testified that the appellant confessed to the offense and signed a confession form used by the store for such purposes. No questions as to voluntariness were asked by the State, and Mrs. Hathcock read the statement into evidence without objection. Subsequently, the written statement was likewise offered into evidence without objection. Discussion of this issue is pretermitted for failure to preserve the question for review by timely objection at trial. Murry v. State, Ala.Cr.App., 367 So.2d 985 (1978), cert. denied, Ala.,367 So.2d 989 (1979); Hargrove v. State, Ala.Cr.App.,344 So.2d 823, cert. denied, Ala., 344 So.2d 826 (1977).
 IV
Lastly, appellant asserts that the trial court, over her objection, erroneously allowed *Page 283 
the State to cross-examine her concerning the possibility of her instituting a civil suit against Rich's. Appellant contends that this was a violation of her attorney-client privilege.
During the cross-examination of the appellant, the following occurred:
"Q. Have you filed any civil action against Rich's?
"MR. BRIEBART: Objection.
"THE COURT: Overrule.
"A. No, sir.
 "Q. Have you discussed it with your attorney, filing a civil action against Rich's?
 "MR. BRIEBART: Your Honor, I object. I don't see any relevancy of this question.
 "THE COURT: It goes to the witness' interest as a witness, the weight and credibility.
 "It has been ruled historically that it is admissible.
"So, I will overrule the objection.
"THE WITNESS: Will you ask it again?
 "Q. Have you contemplated, or discussed with anyone, including Mr. Briebart, about suing Rich's about this?
"A. Yes, I have.
 "Q. And, as a matter of fact, you are going to sue Rich's about this, aren't you?
"A. I hope so."
It is apparent that the defense counsel's objection does not meet the substance of his argument on appeal. He has impermissibly expanded that ground to complain of a violation of the attorney-client privilege. As the first objection was general and the second specifically centered upon relevancy, we limit our discussion only to that specific ground raised in the trial and ruled upon by the trial court. The appellant is bound by the ground of objection stated at trial. Franklin v. State, Ala.Cr.App., 357 So.2d 364, cert. denied, Ala., 357 So.2d 368
(1978).
We have long recognized the right of a defendant to cross-examine a prosecution witness concerning the contemplation of filing or pendency of a civil action against him. Malone v. State, Ala.Cr.App., 358 So.2d 490, cert. denied, Ala., 358 So.2d 494 (1978); Cabel v. State, 18 Ala. App. 557,93 So. 260 (1922).
While we have not found a case from this jurisdiction on point concerning the cross-examination of an accused or defense witness concerning his contemplated or pending civil action against a prosecuting witness, we see no reason why the State should not be accorded the same right of cross-examination in this instance as accorded a defendant in Malone and Cabel, supra. See also: § 12-21-137, Code of Ala. 1975. Furthermore, we find no prejudice to the appellant in admitting her testimony that she intended to sue Rich's. Her defense was that she was legally returning the merchandise from which she received the refund. An innocent person, falsely arrested for shoplifting, would naturally contemplate filing suit. Therefore, any testimony concerning her contemplating the filing of a civil suit against Rich's would be consistent with her defense. Having the State elicit such did nothing more than strengthen her defense. Consequently, we find no error in the trial court's adverse ruling to the appellant on this issue.
AFFIRMED.
All the Judges concur.