305 So.2d 383

**Geraldine REEVES**

**v.**

**STATE.**

**I Div. 506.**

Court of Criminal Appeals of Alabama.

Oct. 29, 1974.

Rehearing Denied Nov. 26, 1974.

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was charged in an indictment with selling phencyclidine, which is listed as a controlled substance in Title 22, § 258(33) Code of Alabama Recompiled, 1973 Cumulative Supplement. Section 258(47) thereof provides that a sale of such a substance constitutes a felony for which the punishment is imprisonment for not less than two nor more than fifteen years.

Soon after indictment, defendant-appellant, appeared with her attorney in open court, waived trial by jury, and requested that she be treated as a youthful offender, pursuant to the Youthful Offender Act, Title 15, § 266(1)–(6), Code of Alabama, 1973 Cumulative Pocket Part. The trial court ordered an investigation and thereafter granted her request, and thereupon she was arraigned as a youthful offender and entered a plea of not guilty. She was tried by the court without a jury, adjudged a youthful offender and ordered to be committed to the custody of the "Director of the Department of Corrections"[1] for a term of two and one-half years. This is an appeal from such judgment and order of commitment.

The substance of the testimony for the State, as to which there is no dispute, is that an undercover agent for the Mobile County Sheriff's Department purchased from defendant fifteen papers, which when analyzed proved to be phencyclidine. He paid the defendant $20.00 therefor. He was a volunteer worker and received no money for his undercover work, but he obtained money in advance for the purchases he was to make. According to the testimony of a laboratory technician who examined and identified the drug, phencyclidine is an hallucinogenic drug used in psychotherapy and also used as a partial anesthetic for animals; it is not a Class A narcotic.

Appellant's sole charge of error is based upon the action of the trial court in sustaining objections of the State to some questions asked by defendant's attorney on his cross-examination of the undercover agent. The charge is not specific as to any particular question or questions.

We must uphold the right of thorough and sifting cross-examination prescribed by Title 7, Section 443, Code of Alabama. We are governed also by what was held in Wells v. State, 292 Ala. 256, 292 So.2d 471, 473, which is epitomized in the following statement:

"It thus appears to be our rule that, notwithstanding the range of cross-examination to develop bias is largely discretionary, where the witness' testimony is important to the determination of the issues being tried, there is little, if any, discretion in the trial judge to disallow cross-examination on matters which tend to indicate the bias of the witness."

The question asked the witness on cross-examination to which an objection was first sustained was, "Are you the main complaining witness in the case against him [defendant's husband] now pending in Mobile County?" The question standing alone, in the light of the relationship involved between the defendant in this case and the defendant in the other case to which reference was made in the question, seems to elicit an affirmative answer that

---

[1]. This language is in compliance with that of the Youthful Offender Act, but the designation of "department of corrections and institutions," had been previously changed to "board of corrections," and the designations of "director of corrections and institutions" and "director of the department of corrections and institutions" had been previously discontinued and the chief administrative officer of said board designated as "commissioner of corrections." See Title 45 § 10(1)–(8) Code of Alabama 1940, Recompiled 1958.

would tend to show some bias on the part of the witness toward defendant, but this is far from a reasonable certainty when consideration is given to the rest of the questions and answers on such cross-examination, and to the record as a whole. In explaining to the court his reason for questions as to the relationship between the witness and defendant's husband, as well as defendant, counsel for defendant stated:

"I think this is somewhat relevant if for no other purpose than to lay the background that a friend was involved. This is a youthful offender trial due to her age and I'd like to show that she was married to a man who was a good bit older. It might be of some consideration to the Court to know all of the factors involved."

A colloquy among the trial court, counsel for defendant and counsel for the State followed, in which the court asked defendant's attorney if he wanted to get into other transactions and defendant's attorney replied, "If they had other dealings, if he was given drugs and treated as a friend." The trial judge then, in referring to the witness' testimony, said that "he got the two packages and gave her $20.00" and further said, "That doesn't look like a gift to me. But go ahead." Defendant then pursued his cross-examination and succeeded in proving by the witness that he was on "a friendly basis with them," who upon being questioned whether he was "sure she didn't give you drugs as a friend like she gave you drugs on this occasion as a friend," replied "She never gave me anything before this. The only dealings I ever had with her was when I gave her the two $10.00 bills and she gave me the two packages." The witness was allowed to testify, over objection of the State, as to how many occasions he had been with the defendant and her husband before the transaction took place.

The record falls short of convincing us that defendant's attorney would have developed any evidence of bias toward defendant by cross-examination of the witness. Furthermore, on appeal we find no suggestion whatever that evidence of bias would have been disclosed by further cross-examination. Instead, we find the statement in appellant's brief: "Relationship between the parties could have led to some evidence of entrapment if the judge had listened." There is nothing, even now, to indicate that any substantial evidence of entrapment would have been presented, nothing sufficient to generate a reasonable doubt in the mind of the judge as to the correctness of his adjudication and conclusion, according to his announcement in open court, that "the evidence is absolutely clear and uncontradicted that on this occasion she sold for $20.00 the controlled substance here" and that he was considering "the absolutely overwhelming, uncontradicted evidence that she sold the restrictive substance."

We find also in the brief of appellant, statements of factual matters, not found in the record, as to the husband of defendant and as to the case or cases against the husband of defendant, including the statement that the case against the husband "for selling cocaine was settled for two and a half years in the state penitentiary." All of this tends to complicate rather than to clarify, but it does not weaken our view that the defendant was not injured by any of the rulings of the trial court that allegedly constitute error.

After an examination and review of the entire record, we are of the opinion that it fails to appear that any error of the trial court probably injuriously affected substantial rights of appellant-defendant. In accordance with Supreme Court Rule 45, Tit. 7, Appendix, Code of Alabama 1940, Recompiled 1958, we conclude that the judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Honorable LEIGH M. CLARK, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2, Act No. 288, Acts

of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

The judgment is hereby.

Affirmed.

All the Judges concur.