292 So.2d 471

**In re Charles Eugene WELLS, Alias**

**v.**

**STATE of Alabama.**

**Ex parte Charles Eugene Wells.**

**SC 511.**

Supreme Court of Alabama.

Dec. 6, 1973.

J. Massey Relfe, Jr., Birmingham, for petitioner.

William J. Baxley, Atty. Gen., Montgomery, and Herbert H. Henry, Asst. Atty. Gen., Birmingham, for the State.

BLOODWORTH, Justice.

We granted certiorari to review a decision of the Court of Criminal Appeals, 52 Ala.App. 351, 292 So.2d 465.

Briefly, the facts of the case are as follows. On the evening of August 9, 1968, petitioner Wells went to the house where his wife and ten children were living. An argument ensued between petitioner, his wife, Elsie Wells, his son, Ronnie Wells, and his daughter, Brenda Blackmon. According to the testimony, during the course of the argument, petitioner fired several shots with a .25 caliber pistol at his wife, and Ronnie Wells fired a shotgun in defense of his mother and sister. The shots resulted in the death of Elsie Wells and the wounding of Brenda Blackmon. There was some conflict in the testimony as to whether Brenda was hit with a pistol bullet or shotgun slug.

Petitioner contends the trial court erred to a reversal in sustaining the state's objection to the following question asked of state's witness, Mrs. Blackmon, daughter of petitioner, viz:

"Q. In fact, I'll ask you this, if it isn't a fact that you instigated a prosecution against your father for assault with intent to murder on you. Isn't that a fact?"

(During a colloquy with the trial judge, the word "instigated" was apparently changed to "initiated.")

The Court of Criminal Appeals· affirmed, holding: (1) there was no definite ruling by the trial judge on this point; and (2) if there were such ruling, it was within the discretion of the trial judge to control the extent of cross-examination.

We reverse and remand.

We must respectfully disagree with the author of the opinion (an able and distinguished veteran trial judge·and practitioner) that (1), there was no definite ruling by the trial judge. The trial judge clearly sustained the objection and cautioned the attorneys not to go into the matter, that it was collateral and highly prejudicial.

As to the Court of Criminal Appeals' holding (2), that such ruling was within the trial court's discretionary power to control the cross-examination, we do not altogether agree, as we shall hereinafter indicate.

The Court of Criminal Appeals cites Benefield v. State, 44 Ala.App. 339, 208 So.2d 449, cert. den. 282 Ala. 19, 208 So.2d 455 (1967) [Headnote 5, Criminal Law ☞1153(4), Witnesses ☞372(1)], for the proposition that, in developing interest or bias of a witness, the range of cross-examination rests largely in the discretion of the trial court and that the court's rulings will not be disturbed unless it clearly appears that the defendant was prejudiced by the rulings. We agree this very general proposition of law expresses the rule of our cases.

In contrast, however, there is our case of Green v. State, 258 Ala. 471, 64 So.2d 84 (1953) [Headnote 1 & 2], in which this court reversed a defendant's conviction of murder in the first degree because the trial judge refused to permit cross-examination of an important prosecution witness on collateral matters which tended to show bias of the witness. There, this court noted that "the extent to which a witness may be cross-examined depends in some instances on the importance of his testimony" and quoted approvingly from 74 A.L.R. 1154, viz:

" * * * a witness may be testifying in reference to matters peculiarly within his knowledge, and as to which contradiction is difficult, where the turn of a phrase may control the disposition of the case. In such instances, it is submitted, a very searching inquiry as to circumstances indicating the existence of intellectual bias, or of emotional hostility, should be allowed. * * *"

In Louisville & N. R. Co. et al. v. Martin, 240 Ala. 124, 198 So. 141 (1940), this court stated with regard to cross-examination of a witness to show that witness' bias:

"We are, of course, mindful of the rule that the range of cross-examination rests largely in the discretion of the trial court, and the court's ruling thereon will not be here revised unless it is made

clearly to appear that error intervened to the prejudice of the objecting party.

"But the right of cross-examination is a valuable right 'probably and generally the most effective instrumentality for eliciting the witness' "means of obtaining correct and certain knowledge of the facts to which he bears testimony." '. [citations omitted]

"The question is discussed in Wilson v. State, 195 Ala. 675, 71 So. 115, 117, with reference to expert witnesses, as here, and we there observed: 'It is usual in cross-examination that great liberty is allowed by the court. * * * And while the right to cross-examine may be afforded the defendant, yet if it is so circumscribed and limited as to strip it of its benefit, the right "loses its sub-stance and becomes a shadow." ' "

The court went on to hold that refusal to permit defense counsel to cross-examine plaintiff's witness on collateral matters which indicated bias was reversible error.

Title 7, § 443 provides that, "the right of cross-examination *thorough* and *sifting,* belongs· to every party as to the witnesses called against him. * * * " (Emphasis added)

■ It thus appears to be our rule that, notwithstanding the range of cross-examination to develop bias is largely discretionary, where the witness' testimony is important to the determination of the issues being tried, there is little, if any, discretion in the trial judge to disallow cross-examination on matters which tend to indicate the bias of the witness.

■ Furthermore, our rule is that the fact that a witness has been a complaining witness in another criminal action against the defendant is relevant and material to‾ the issue of the witness' bias. (See Ala. Dig., Vol. 19A, Witnesses, ☜370(3).)

In Hill v. State, 210 Ala. 221, 97 So. 639 (1923) [Headnote 8], this court held, in a prosecution for murder, it was proper for defense counsel to ask whether a state's witness, and son of defendant, had sworn out a warrant against the defendant on an-other matter as tending to show feelings of ill will toward the defendant on the part of the witness. (The error in excluding this inquiry was, however, held not to be error to reverse in view of witness' conces-sion of that fact on rebuttal.)

Similarly, in Allen v. Fincher, 187 Ala. 599, 65 So. 946 (1914) [Headnote 8], this court held in an action for slander it was error to exclude ·testimony showing that a witness for plaintiff prosecuted defendant for a matter connected with the controver-sy as going to the issue of bias.

In Beal v. State, 138 Ala. 94, 35 So. 58 (1903) [Headnote 1], this court held in a trial for forgery a prosecution witness may ·be cross-examined on whether or not he prosecuted defendant by swearing out a warrant against him in an action arising out of the same controversy.

And, in Lodge v. State, 122 Ala. 97, 26 So. 210 (1899) [Headnote 1], this court held admissible, to impeach a 14 year old prosecution witness, who was under the control of his parents, evidence that the witness' father, who had instituted the in-stant prosecution, had also commenced an-other prosecution against the defendant, as going to the issue of bias. This seems in accord with the general rule. See general-ly 98 C.J.S. Witnesses § 560 Ls.

■ Following the rule of these cases, we would have to conclude that the trial judge erred in refusing to allow the de-fense counsel to cross-examine Mrs. Black-mon relative to whether she instigated a prosecution against her father (the defend-ant) for A.W.I.M., arising out of the same events as the instant case. Whether this constitutes reversible error remains to be seen; for the State,·in brief and argument, has raised an issue which it contends dis-poses of this case.

The State contends that, as a condition precedent to asking the question of Mrs.

Blackmon, she must first be asked as to the state of her feelings towards her father, the defendant.

■ The answer to this contention is that such condition precedent is not required in every case. The apparent inconsistency in our two lines of cases on this point is mentioned by Judge McElroy in his Law of Evidence in Alabama, 2nd Ed., Vol. 1, § 149.01(3), pp. 347–349. One line of cases holds the inquiry is necessary. The other, that it is not. In an excellent analysis of these cases, Judge McElroy concludes that to require such preliminary inquiry as a condition precedent is unsound. Judge McElroy comments at page 349, viz:

"It is submitted that it is unsound to require an inquiry as to the witness' feelings as a condition precedent to asking him about external facts indicating bias in him. The proferred reason of the cases requiring prior inquiry as witness' feelings is that if the witness admits bias then no inquiry as to external facts showing the bias is proper. This won't do—because the general course of the decisions is that the witness' admission of bias does not debar the cross-examining party from seeking to elicit external facts indicating that the witness' bias is deep and intense. Sullivan v. Miller, 224 Ala. 395, 140 So. 606, syl. 5; Fincher v. State, 58 Ala. 215; Yarbrough v. State, 71 Ala. 376; Louisville & N. R. Co. v. Martin, 240 Ala. 124, 198 So. 141 (sketched supra, and citing cases).

"Granting, if it happens both that the witness' testimony is comparatively unimportant, and that the cross-examining party has elected to elicit from the witness that his feelings towards such party are bad, that the trial court in its discretion may disallow further inquiry into the witness' bias-indicating statements, acts, etc., (Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 278, syl. 15), yet that is no reason why the cross-examin-

ing party should be first required to ask the witness about his feelings instead of proceeding forcefully and vividly to the meat of the matter by asking the witness whether he has made a specific statement, done a specified act, undergone a specified experience, or stands in a specified relationship, that would indicate bias in him."

The apparent confusion in our case law appears now to have been settled by our more recent decisions in Nichols v. State, 276 Ala. 209, 160 So.2d 619 (1964) and in International Bro. of Teamsters v. Hatas, 287 Ala. 344, 252 So.2d 7 (1971). In *Hatas,* supra, the most recent decision, this court held, viz:

"As pointed out in Louisville & N. R. Co. v. Martin, 240 Ala. 124, 198 So. 141, it is not required in every case, as a condition precedent to any question on cross-examination to show bias, that the witness must first be asked about the state of his feelings. See Adams v. State, 280 Ala. 678, 198 So.2d 255; Nichols v. State, 276 Ala. 209, 160 So.2d 619. We see no reason why such a question had to be asked of Partin as a condition precedent to a question or questions propounded to him on cross-examination to show bias. *Cf.* Adams v. State, *supra."*

■ Likewise, we see no reason in the case at bar why such question relating to her state of feeling towards the defendant had to be asked of Mrs. Blackmon, the daughter, as a condition precedent to the question propounded to her on cross-examination as to whether she had initiated or instigated a prosecution against her father for assault with intent to murder her.

Again, whether the trial court's ruling constituted reversible error, the Court of Criminal Appeals will have to conclude from a review of the record. It must say whether this error "probably injuriously affected substantial rights" of the defendant. Supreme Court Rule 45. ☞57, Ala. Dig., Vol. 4. (See Hill v. State, supra, for

application of this rule in similar situation. See also, McCain v. City of Montgomery [per Harwood, J.], 38 Ala.App. 568, 92 So.2d 678 (1956).)

It is thus that we reverse and remand this cause to the Court of Criminal Appeals.

Reversed and remanded.

All the Justices concur.