JOSEPH J. MULLINS, Retired Circuit judge.
The grand jury of Covington County returned an indictment against the appellant, Leon L. Frazier, alias Leon LaDon Frazier, alias LaDon Frazier, charging him with assault of Mary Lou Frazier, with intent to murder her. The appellant entered a plea of not guilty. A jury found the appellant guilty of assault and battery and assessed a fine of five hundred dollars against him. The trial court duly assessed a fine of five hundred dollars and cost against the appellant and duly sentenced him to imprisonment in the county jail for six months. *341 Appellant’s motion for a new trial was denied and he appeals to this Court.
This appeal was submitted on briefs. The appellant was represented by counsel of his choice at all proceedings in the trial court and is so represented in this Court.
Appellant contends that his conviction should be reversed because the trial court would now allow him to state to the jury on his opening statement what he expected his evidence to show concerning the bias of state’s witness, Mrs. Mary Lou Frazier, and its depth and intensity against the appellant.
The scope and extent of an opening statement to a jury is a matter that rests within the sound discretion of the trial judge and his rulings will not be reversed by this Court unless an abuse of discretion is shown by the record. The record contains only fragments of appellant’s opening statement to the jury. We have searched the entire record and find no abuse of discretion by the trial judge to justify a reversal. Cooper v. State, Ala.Cr.App., 348 So.2d 532; Stewart v. State, 245 Ala. 511, 17 So.2d 871; Burns v. State, 226 Ala. 117, 145 So. 436; Pope v. State, 174 Ala. 63, 57 So. 245.
The appellant contends that the trial court erred to appellant’s prejudice by unduly restricting his right to cross-examine state’s witness, Mrs. Mary Lou Frazier, the injured party.
It appears from the record that during the cross-examination of state’s witness, Mrs. Mary Lou Frazier, the following occurred:
“Q. Well, now, you were — before this trial, you were placed under arrest for assault with a deadly weapon

MR. MCGILL: We object to this.
THE COURT: Yes, sustained.
MR. PRESTWOOD: This is for bias, if the court, please. And we say that if we'can’t show that this happened, that it would possibly bias the witness against the Defendant, that cross-examination has lost its meaning in the State of Alabama.
THE COURT: I sustain as to any charges made.
Q. You were placed under bond, weren’t you?
MR. MCGILL: We object to this, Your Honor.
THE COURT: Yes, I sustain.”
And again we quote from the record:
“Q. All right. Now, then the state of your feeling toward La Don is very, very vicious and bad, isn’t it?
A. It shore is right now, if you were in my feelings, you would be feeling the same way.”
A party to a criminal prosecution may elicit from a prosecuting witness on cross-examination any fact tending to show bias against him or that the witness is interested in the outcome of the prosecution. The facts that the appellant had caused the witness to be placed under arrest or placed under bond are facts having a tendency to create bias. Ferguson v. State, 40 Ala.App. 389, 114 So.2d 302; Lanier v. State, 43 Ala.App. 447, 192 So.2d 256.
In accordance with Rule 45 of Appellate Procedure we have made an examination and review of the entire record, we are of the opinion that it does not appear that the error complained of has injuriously affected substantial rights of the appellant. Cary v. State, Ala.Cr.App., 349 So.2d 616; Wells v. State, 292 Ala. 256, 292 So.2d 471, reversed and remanded, 52 Ala.App. 356, 292 So.2d 475.
Appellant also contends that the trial court erred to his prejudice by sustaining state’s objection to a question propounded by appellant’s counsel on cross-examination of state’s witness, Deputy Sheriff, Howard Easley, as to whether he considered a hand gun in evidence to be material evidence in this case. We quote from the record:
“Q. Well, wouldn’t that be an item of evidence from what you had heard just from Mr. La Don Frazier about that is when the tussle started, when the gun was brought out? Wouldn’t you consider that material evidence in the case?
*342 MR. MCGILL: We object to what he thinks is material.
THE COURT: Yes.”
The court allowed unlimited cross-examination by counsel of appellant with reference to the hand gun.
Justice Lawson, in the case of Seals v. State, 282 Ala. 586, 213 So.2d 645, said:
“It is provided by a statute of this state that the right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him. Sec. 443, Title 7, Code 1940. But the extent of cross-examination is a matter addressed to the sound discretion of the trial court, not reviewable except for abuse. Bosarge v. State, 273 Ala. 329, 139 So.2d 302; Roberson v. United States, 5 Cir., 249 F.2d 737, 72 A.L.R.2d 434, cert. denied, 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715.”
We hold that this record shows no abuse by the court of its discretion in sustaining state’s objection to the foregoing question. Seals v. State, supra; Allen v. State, 55 Ala.App. 549, 317 So.2d 517; Waters v. State, Ala.Cr.App., 360 So.2d 358.
Appellant contends in his brief that the trial court erred to his prejudice by overruling his objection to a question propounded by state’s counsel on cross-examination of appellant’s witness, Mr. D. Frazier, the father of appellant, as to whether witness was too loaded to know where appellant’s wife got a camera from. We quote from the record:
“Q. Where did she get the camera from?
A. I don’t know, out of the car .
Q. Out of the car? She says she got it out of the house, do you know where she got it?
A. No, I don’t know where she got it.
Q. You were about too loaded to know, weren’t you?
A. No, sir. I .
MR. PRESTWOOD: We object to the form of that question.
THE COURT: Overruled.”
We hold that the question was harmless because of the negative reply. Odom v. State, Ala.Cr.App., 356 So.2d 242; Baldwin v. State, 282 Ala. 653, 213 So.2d 819.
Appellant argues in his brief that the trial court erred by allowing the court reporter to play back a tape recording of the court’s oral charge to the jury without first establishing that it was, in fact, a correct recording and by doing so emphasized a portion of the trial court’s original charge to the jury.
The facts in the record are; there was no objection by the appellant to the court’s oral charge before the jury retired at 5:35 P.M. to the jury room to deliberate on the case. At 6:30 P.M. the jury returned to the courtroom and requested the court to explain the law again on the charges in the indictment. The court then allowed the court reporter to play back the entire tape of his charge. At the conclusion of the playing of the tape recording of the court’s oral charge, the jury left the courtroom and resumed its deliberation at 6:45 P.M.
Appellant made no objection to the court’s charge to the jury before it retired for its deliberation at 5:35 P.M. The appellant made no objections to the court’s allowing the tape recording of his charge to the jury to be played back before the jury retired for its deliberation at 6:45 P.M.
The tape recording was made in the presence of the court, it was played back in the presence of the court, and its authenticity was not questioned before the jury retired from the courtroom for its deliberation. We hold that in the absence of a timely objection there is nothing for this Court to review. Cox v. State, 280 Ala. 318, 193 So.2d 759; Van Antwerp v. State, Ala.Cr.App., 358 So.2d 782; Owens v. State, 53 Ala.App. 553, 302 So.2d 240; Certiorari Denied, 293 Ala. 769, 302 So.2d 243.
We have searched the entire record for errors prejudicial to the appellant and have found none.
The judgment of the trial court should be affirmed.
*343 The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
HARRIS, P. J., and TYSON, DeCARLO and BOOKOUT, JJ., concur.
BOWEN, J., concurs in result.