This Court granted certiorari to review a single evidentiary issue: Whether the Court of Criminal Appeals, 393 So.2d 484, erred in affirming the trial court's ruling which prevented the defendant from cross-examining the victim concerning a civil action brought by the victim against defendant which arose out of the same facts as the criminal prosecution. We hold it was error to disallow such cross-examination; thus, we reverse and remand.
The facts, as stated by petitioner pursuant to ARAP 39 (k), are:
 The appellant-defendant left his own house, traveled a reasonable distance by truck to the home of the victim, who lived with his mother and father in Stapleton, Alabama. A little before 2:00 A.M. the defendant knocked on the door of the residence of which the victim's mother responded. The defendant gave a fictitious name and asked for the victim to come outside to the defendant's truck.
 Defendant testified that a conversation ensued whereby he told the victim that he wanted him to return to Bay Minette *Page 487 
to confront his wife because he had heard the victim was running around with her. The victim refused to go with the defendant and departed in a run from the truck. It was then that the defendant fired three pistol shots at the victim. Two of the bullets hit the victim, one in the back and one in the shoulder, the third shot missed hitting the victim. The victim testified that the defendant threatened to kill him if he did not get into the truck.
 Defendant took the stand and testified that he did not intend to kill the victim. He also denied that he threatened to kill the victim. The defendant contended that he was shooting to stop him from leaving the scene. After the shooting, the defendant fled the scene in his truck.
The opinion of the Court of Criminal Appeals addresses this issue thusly:
 A next contention is that the trial court erred in not permitting defendant to show that the victim had filed suit against him to recover damages for the alleged assault. Evidence of this nature may be permissible under some circumstances to show bias on the part of the victim. We pretermit this point. We have examined the entire record and conclude therefrom that the victim of the assault might have been biased from the aggravated circumstances attending the assault. We do not think the bias is made more manifest by evidence showing the institution of a damage suit. We decline to reverse the adverse ruling of the court that precluded the admission of the evidence. It was error without injury. Rule 45, ARAP. Frazier v. State, Ala.Cr.App., 365 So.2d 339; Cary v. State, Ala.Cr.App., 349 So.2d 616.
The Court of Criminal Appeals accepts the premise advanced by petitioner that the trial court erred in sustaining the State's objection to the defendant's offer to prove the pending civil action. Indeed, the invocation of Rule 45 (harmless error) necessarily presupposes error. But the opinion then rationalizes its holding of "harmless error" by subjectively concluding the bias of the victim already inherent in the circumstances of the assault is not "made more manifest by evidence showing the institution of a damage suit."
We understand, and are in sympathy with, the apparent logic that rejects the notion that the jury is apt to infer any different or greater degree of bias on the part of the victim because of his institution of a civil action than that which the jury would infer as a material incident of the victim's injuries suffered at the hands of the defendant. But this approach to the problem begs the question. The pertinent inquiry is: Within whose prerogative does this determination lie?
We find the answer to this question is grounded in the basic rationale for the rule itself. The case law of this state has consistently held the institution of a civil suit arising out of the same facts as a criminal prosecution to be within the permissible scope of cross-examination to show bias on the part of the witness. This rule is augmented by the public policy of this state as codified in § 12-21-137, Code 1975, which mandates the right of every party to a "thorough and sifting" cross-examination of the opponent's witnesses. Riley v. City ofHuntsville, 379 So.2d 557 (Ala. 1980).
The general rule, from which the more narrow rule here under consideration evolved, is stated in Green v. State, 258 Ala. 471, 64 So.2d 84 (1953):
 It is always competent on cross-examination to make such interrogation of a witness as would tend to test his interest, bias or prejudice or to illustrate or impeach the accuracy of his testimony.
See also, Morrison v. State, 267 Ala. 1, 100 So.2d 744 (1957).
In the discharge of its fact finding functions the jury's search for the truth includes the paramount right to consider a witness's motivation, and any evidence testing "his interest, bias or prejudice" so as to "illustrate or impeach the accuracy of his testimony" is a competent, material and relevant *Page 488 
subject of cross-examination, and the jury's right to be given such evidence is, of itself, part of the fact finding process.Green v. State, supra.
We think the very reason and purpose of the rule would be unduly impeded by permitting the trial court to disallow such evidence purely upon its subjective conclusion that other circumstances already before the jury amply manifest the interest or bias of the witness. The cumulative evidence rule has no field of operation in the context of the instant ease where no other evidence of the witness's institution of a civil suit had been proffered.
In conclusion, we observe that to permit the present application of the harmless error rule would unduly restrict our established practice of insuring to every party the right of thorough and sifting cross-examination.
REVERSED AND REMANDED.
All the Justices concur.