Calvin Calhoun was indicted for escape in the third degree in violation of § 13A-10-33, Code of Alabama 1975 and for driving under the influence of alcohol in violation of § 32-5A-191, Code of Alabama 1975. The jury found the appellant guilty of both offenses. The appellant received a twelve-month sentence in the DUI case and a two-year sentence in the escape case.
At approximately 9:30 p.m. on December 16, 1984, Officer Mitch Stuckey of the Monroe County Sheriff's Department received a call that several vehicles had been run off the road by a 1972 orange Cutlass Supreme. A short while later, Stuckey saw this vehicle on Highway 27 in Monroe County, Alabama. The front end of the vehicle was in the ditch.
Stuckey turned on his lights and exited his vehicle. Stuckey approached this vehicle and identified himself to the appellant, who was sitting on the driver's side of the vehicle. Although Stuckey was in plain clothes, he did have on his cap and his badge.
The motor of the vehicle was running and the appellant was trying to get the car into gear. Stuckey reached inside, turned the ignition off and put the vehicle in park. The appellant smelled of alcohol and Stuckey asked the appellant for his driver's license. When the appellant failed to produce his license, he was placed under arrest for DUI.
The appellant slid over to the passenger side of the vehicle and told Stuckey that he hadn't seen him driving and he wasn't going to jail. Stuckey walked over to the other side of the vehicle and asked the appellant to get out. When the appellant refused, Stuckey grabbed his arm and removed the appellant.
As the two were walking to Stuckey's vehicle, the appellant swung and hit Stuckey on the jaw. A struggle ensued and, at some point, the appellant managed to get away. The appellant was later apprehended with the assistance of his family.
He was then taken to the hospital where he received a neck brace and stitches in his head.
John Robinson testified that he had been driving the vehicle at the time it went into the ditch. There were some transmission problems with the vehicle and Robinson left the appellant in the vehicle and went to get some help.
The appellant testified that he was sitting in the passenger seat when Robinson left to go get help. He remained there until a vehicle approached. The appellant then got out and went to the hood of his vehicle. Stuckey got out of the other vehicle and walked toward him. Stuckey never identified himself and the appellant stated he did not know that Stuckey was a police officer.
At this point, Stuckey started beating the appellant. The appellant managed to get free and ran away.
 I
The only issue raised on appeal concerns the following statements made by the prosecutor during his cross-examination of the appellant and during closing arguments.
 "Q. And you are bringing up all of this right now, aren't you? Your testimony is that you have done made claims, haven't *Page 267 
you, against the county for all of this?
"MR. SIMMONS: Object. It's irrelevant.
"THE COURT: Overrule the objection.
 "Q. You have been claiming money for all of this, haven't you?
 "A. Yeah, `cause he jumped on me for no reason." (R. 60-1)
 "MR. PEARSON: This man is trying to get some money. You heard that story. . . .
 "MR. SIMMONS: I'm going to object. This is improper argument and I respectfully ask for a mistrial. I think it's prejudicial.
 "THE COURT: Overrule your objection. Overrule your motion for a mistrial." (R. 62)
The appellant's contention is that the prosecutor's questions to him and the prosecutor's remark during closing argument were prejudicial to him and should have been excluded from evidence.
 "The case law of this state has consistently held the institution of a civil suit arising out of the same facts as a criminal prosecution to be within the permissible scope of cross-examination to show bias on the part of the witness. This rule is augmented by the public policy of this state as codified in § 12-21-137, Code 1975, which mandates the right of every party to a `thorough and sifting' cross-examination of the opponent's witnesses. Riley v. City of Huntsville, 379 So.2d 557 (Ala. 1980).
 "The general rule, from which the more narrow rule here under consideration evolved, is stated in Green v. State, 258 Ala. 471, 64 So.2d 84 (1953):
 "It is always competent on cross-examination to make such interrogation of a witness as would tend to test his interest, bias or prejudice or to illustrate or impeach the accuracy of his testimony. See also, Morrison v. State, 267 Ala. 1, 100 So.2d 744 (1957).
 "In the discharge of its fact finding functions the jury's search for the truth includes the paramount right to consider a witness's motivation, and any evidence testing `his interest, bias or prejudice' so as to `illustrate or impeach the accuracy of his testimony' is a competent, material and relevant subject of cross-examination, and the jury's right to be given such evidence is, of itself, part of the fact finding process. Green v. State, supra."
Ex parte Brooks, 393 So.2d 486, 487-88 (Ala. 1980).
The majority of the cases on this issue concern "the right of a defendant to cross-examine a prosecution witness concerning the contemplation of filing or pendency of a civil action against him." Gunn v. State, 387 So.2d 280, 283
(Ala.Crim.App.), cert. denied, 387 So.2d 283 (Ala. 1980). However, the State also has the right to cross-examine the defendant or a defense witness on this matter. Gunn, supra. Furthermore, the State may cross-examine a defendant concerning a civil action against a third party. Reeves v. State,432 So.2d 543 (Ala.Crim.App. 1983).
Therefore, the trial court did not err by allowing the State to cross-examine this appellant concerning possible civil action against the county on facts arising out of the incidents at bar. The questions were properly admissible to show bias on the part of the appellant.
The appellant was not prejudiced by the evidence concerning his civil action against the county. The appellant's testimony was that he had not done anything wrong when Officer Stuckey, who did not identify himself, beat up the appellant for no reason. If the appellant's version of the facts is correct, it would be reasonable to assume that the appellant, or any other person in that situation, would contemplate filing suit against the county for the unlawful actions of its employee. The evidence of this suit only strengthened his defense. Gunn, supra.
The prosecutor's remark during closing argument was not improper. The appellant admitted that he was claiming money as the result of Stuckey's actions. *Page 268 
The prosecutor was merely arguing this evidence to the jury.
There is no basis of error shown. Robinson v. City ofAbbeville [Ms. 4 Div. 896, October 8, 1985] (Ala.Crim.App. 1985) Hose v. State, 489 So.2d 670 (Ala.Crim.App. 1986); 93 A.L.R.3d 7 (1979).
For the reasons stated, this cause is affirmed.
AFFIRMED.
All the Judges concur.