495 So.2d 104 (1986)
Louie Clayton MOODY, alias
v.
STATE.
7 Div. 518.
Court of Criminal Appeals of Alabama.
April 22, 1986.
Rehearing Denied May 27, 1986.
Kathleen M. Warren, Gadsden, for appellant.
Charles A. Graddick, Atty. Gen., and Martha Gail Ingram, Asst. Atty. Gen., for appellee.
TYSON, JUDGE.
Louie Clayton Moody was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant guilty of the lesser included offense of manslaughter. The trial judge set sentence at twenty years' imprisonment in the penitentiary.
Lena Eastland testified that during the evening of March 2, 1984, the appellant, Moody, came to her house looking for some drugs. Eastland told him she did not have any drugs. When the appellant asked her where he could get some, Eastland replied that Sally Harvey, who was present at her house, had some drugs. Also present in the house were the victim, Lester Wayne *105 Fleming, his father, Harry Fleming, the appellant's sister, Willie Dean Harris, and Eastland's two daughters.
The appellant, Moody, bought some drugs from Harvey and left. Eastland noticed a gun in the appellant's pocket as he left.
A while later, the appellant called Eastland on the phone. Moody wanted to know if he could buy drugs from Harvey again. Eastland told him to call Harvey at her house and hung up. The appellant immediately called back and asked Eastland to call Harvey. She told Moody no and hung up again. The appellant, Moody, called a third time and talked to his sister.
A short while later, the victim, his father, the appellant's sister and Eastland were all in Eastland's bedroom drinking and "getting high." The victim was standing beside the dresser. Two shots came through the bedroom, one of which struck the victim in the head. The victim died as a result of this gunshot wound to the head.
Randall Gargone testified that, on the evening of March 1, 1984, he picked up the appellant. The appellant, Moody, told him he wanted to go to Eastland's house. Gargone drove the appellant to the street on which Eastland lived and let him out twenty-five yards from Eastland's house. As the appellant got out of the car, Gargone observed the appellant carrying something that "looked like a gun." (R. 32). The appellant then walked to the front of Eastland's house.
While Gargone was waiting for the appellant to return, he heard two gunshots. Gargone then left.
Several weeks later, Gargone saw the appellant. The appellant, Moody, told Gargone that he better keep his mouth shut about "that night over at Lena's" or he would blow his head off. (R. 34)
Wendy Robinson testified that she saw the appellant, Moody, several days after this shooting occurred. The appellant told her, "I didn't go to kill Lester. I was out to kill that bitch and my sister. You know they sold me some baking soda, $300 worth of baking soda for some cocaine." (R. 44)
The appellant testified that he went to Eastland's house twice on March 1, once in the afternoon and once again that evening. His girl friend, Illene Perry, was with him both times but she did not go inside on either occasion. On the second visit to Eastland's house, the appellant, Moody, bought some cocaine from Eastland. Although Harvey was at Eastland's house then, his sister was not.
The appellant and Perry then went to the appellant's father's house. While there, Perry left the appellant for ten to fifteen minutes. When Perry returned, they went to a motel. The appellant snorted the cocaine he purchased from Eastland.
The appellant, Moody, called Eastland twice from the motel. At some point, the appellant and Perry left the motel to get some food and he was arrested.
The appellant denied any involvement in the shooting.
Perry's testimony was similar to the appellant's testimony.

I
During the cross-examination of Eastland, defense counsel questioned her concerning two written statements which she gave to the police. The first statement was made on March 2, 1984, the day after the shooting occurred. The second statement was made on May 23, 1985, some fifteen months after her first statement. The second statement differed substantially from the first statement. In her second statement, Eastland said that the appellant purchased cocaine from Harvey at her house on the night in question and that she saw a gun on his person at that time. Her first statement made no mention of either of these important facts. That statement contained no reference to any drugs or a gun. Also contained in the second statement was the fact that the appellant had called her and wanted more drugs after he had made the initial purchase of cocaine.
*106 During cross-examination, defense counsel asked Eastland if she made the second statement after she was indicted for selling cocaine from her house. The prosecutor's objection to this question was sustained by the trial judge. Defense counsel then attempted to ask the witness if she had been indicted but the trial judge again sustained the prosecutor's objection to this question.
Defense counsel, out of the presence of the jury, argued to the trial judge that her questions to Eastland were an attempt to show bias of Eastland in favor of the State. She stated that she was trying to show that Eastland changed her story after she had been charged with the sale of cocaine. The trial judge rejected her argument.
The appellant now contends the trial judge erred by not allowing the cross-examination of Eastland concerning her indictment on cocaine charges. We agree.
"Manifestly, the right of an accused to cross examine the witnesses against him is embodied in the confrontation clause of the Sixth Amendment, Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Indeed, `cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested,' Ibid., 415 U.S. at 316, 94 S.Ct. at 1110.
"Although the scope and extent of cross-examination is generally declared to be within the sound discretion of the trial court and not to be interfered with by an appellate court absent an abuse of discretion, Grant v. United States, 5 Cir. 1966, 368 F.2d 658, 661, that discretion must be exercised with due regard for the defendant's constitutional rights. Specifically, it is an abuse of discretion and a violation of constitutional rights to deny to a defendant the right to cross-examine a witness at all on a `subject matter relevant to the witness's credibility', such as the witness's possible motive for testifying falsely. Davis v. Alaska, supra, 415 U.S. at 318, 94 S.Ct. 1105.
"An accused is entitled to show by cross-examination that the testimony of a witness may be affected by fear or favor growing out of the disposition of pending criminal matters. Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931)."
United States v. Brown, 546 F.2d 166, 169 (5th Cir.1977).
"A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is `always relevant as discrediting the witness and affecting the weight of his testimony'. 3A J. Wigmore, Evidence § 940, p. 775 (Chadbourn rev. 1970). We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. Greene v. McElroy, 360 U.S. 474, 496, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959)."
Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974).
In light of these authorities, it is clear to this court that the trial judge abused his discretion in this instance by not allowing defense counsel to cross-examine Eastland about her pending indictments. Defense counsel was trying to find out whether Eastland's testimony or her second statement were affected by the fact that she had been indicted on cocaine charges. Certainly the fear of prosecution of Eastland by the State might cause her to testify favorably on behalf of the State. Moreover, defense counsel should have been allowed to determine if any promises of leniency had been made to Eastland in return for her testifying favorably to the State.
However, defense counsel was not allowed to inquire as to Eastland's motivation for her testimony which would indicate a bias against this appellant. Thus, the trial judge here abused his discretion by restricting the appellant's Sixth Amendment right of proper confrontation and *107 cross-examination. United States v. Crumley, 565 F.2d 945 (5th Cir.1978).
Furthermore, in Alabama, "[t]he bias of a state's witness in favor of the State or against the accused may be shown by evidence of statements, acts, relationships or charges of crime, that would reasonably give rise to an inference that the witness is biased." C. Gamble, McElroy's Alabama Evidence, 149.01(10) (3rd ed. 1977). See also Waters v. State, 360 So.2d 358 (Ala. Crim.App.), writ denied, 360 So.2d 367 (Ala. 1978). Clearly, error was committed by the trial judge's limiting defense counsel's cross-examination of Eastland concerning an indictment against her.

(A)
The State, in its brief, argues that a reversal is not mandated in this case on two grounds.
First, the State contends that defense counsel did not lay a proper predicate for showing bias because she did not ask Eastland the state of her feelings towards the appellant before she asked Eastland about her indictment. In Wells v. State, 292 Ala. 256, 292 So.2d 471 (1973), the Alabama Supreme Court addressed the issue whether a witness must be asked as to the state of his feelings towards the defendant as a condition precedent to asking the witness a specific question concerning his bias against the defendant. In Wells, supra, the Supreme Court stated:
"The answer to this contention is that such condition precedent is not required in every case. The apparent inconsistency in our two lines of cases on this point is mentioned by Judge McElroy in his Law of Evidence in Alabama, 2nd Ed., Vol. 1, § 149.01(3), pp. 347-349. One line of cases holds the inquiry is necessary. The other, that it is not. In an excellent analysis of these cases, Judge McElroy concludes that to require such preliminary inquiry as a condition precedent is unsound. Judge McElroy comments at page 349, viz:
"`It is submitted that it is unsound to require an inquiry as to the witness' feelings as a condition precedent to asking him about external facts indicating bias in him. The proferred reason of the cases requiring prior inquiry as witness' feelings is that if the witness admits bias then no inquiry as to external facts showing the bias is proper. This won't dobecause the general course of the decisions is that the witness' admission of bias does not debar the cross-examining party from seeking to elicit external facts indicating that the witness' bias is deep and intense. Sullivan v. Miller, 224 Ala. 395, 140 So. 606, syl. 5; Fincher v. State, 58 Ala. 215; Yarbrough v. State, 71 Ala. 376; Louisville & N.R. Co. v. Martin, 240 Ala. 124, 198 So. 141 (sketched supra, and citing cases).
"`Granting, if it happens both that the witness' testimony is comparatively unimportant, and that the cross-examining party has elected to elicit from the witness that his feelings towards such party are bad, that the trial court in its discretion may disallow further inquiry into the witness' bias-indicating statements, acts, etc., (Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 278, syl. 15), yet that is no reason why the cross-examining party should be first required to ask the witness about his feelings instead of proceeding forcefully and vividly to the meat of the matter by asking the witness whether he has made a specific statement, done a specified act, undergone a specified experience, or stands in a specified relationship, that would indicate bias in him.'
"The apparent confusion in our case law appears now to have been settled by our more recent decisions in Nichols v. State, 276 Ala. 209, 160 So.2d 619 (1964) and in International Bro. of Teamsters v. Hatas, 287 Ala. 344, 252 So.2d 7 (1971). In Hatas, supra, the most recent decision, this court held, viz:
"`As pointed out in Louisville & N.R. Co. v. Martin, 240 Ala. 124, 198 So. 141, it is not required in every case, as a condition precedent to any question on cross-examination to show bias, that the *108 witness must first be asked about the state of his feelings. See Adams v. State, 280 Ala. 678, 198 So.2d 255; Nichols v. State, 276 Ala. 209, 160 So.2d 619. We see no reason why such a question had to be asked of Partin as a condition precedent to a question or questions propounded to him on cross-examination to show bias. Cf. Adams v. State, supra.'"
Wells, supra at 259, 292 So.2d 471.
This court's holdings since Wells, supra, seem to reach the opposite conclusion. See Bass v. State, 375 So.2d 540 (Ala.Crim.App. 1979); Wright v. State, 343 So.2d 795 (Ala. Crim.App.1977); James v. State, 52 Ala. App. 389, 293 So.2d 305 (1974). While each of our decisions in the above-cited cases recognizes the existence of Wells, supra, each holds that it is necessary to first lay a predicate prior to specifically questioning a witness concerning his bias towards the defendant.
The apparent inconsistency between our holdings and Wells, supra, can be easily reconciled. It is always the better practice to lay a predicate before offering independent evidence of bias on the part of the witness. However, when such is not done, each case must be analyzed in light of its particular facts and circumstances to determine if the laying of the predicate was indeed necessary.
In the case at bar, we find that it was unnecessary to ask Eastland whether she was biased against the appellant before she was asked about whether she had been indicted on cocaine charges. If Eastland had denied any bias against the appellant, defense counsel certainly should have been allowed to cross-examine her concerning the impending charge against her. If she had admitted bias against the appellant, defense counsel still should have been allowed to cross-examine Eastland about her indictment to show why and for what reasons she was biased against this appellant. The fact that defense counsel did not lay a predicate before questioning Eastland about her indictment did not make a material difference in this instance. Defense counsel should have been allowed to crossexamine Eastland about the cocaine charge no matter the state of her feelings toward the appellant. Thus, the State's contention that a reversal is not required because defense counsel failed to lay a proper predicate must fail.

(B)
Secondly, the State claims that if error occurred, it was harmless. We must disagree.
In Ex parte Brooks, 393 So.2d 486 (Ala. 1980), the Alabama Supreme Court stated:
"In the discharge of its fact finding functions the jury's search for the truth includes the paramount right to consider a witness's motivation, and any evidence testing `his interest, bias or prejudice' so as to illustrate or impeach the accuracy of his testimony' is a competent, material and relevant subject of cross-examination, and the jury's right to be given such evidence is, of itself, part of the fact finding process. Green v. State, supra.
"We think the very reason and purpose of the rule would be unduly impeded by permitting the trial court to disallow such evidence purely upon its subjective conclusion that other circumstances already before the jury amply manifest the interest or bias of the witness."
Brooks, supra at 487-88.
The reasoning of Brooks, supra, is sound and is applicable to the case at bar. First of all, we do not find there was any evidence of bias on Eastland's part against the appellant before the jury, other than the fact she was the State's witness. Secondly, even had there been evidence of bias before the jury, they had a right to be presented with evidence of the extent of Eastland's bias against this appellant. Eastland was an important witness for the State. Defense counsel had a right to present evidence to the jury that Eastland's testimony and her second statement to the police might have been influenced by the fact that an indictment against her had been returned. This error is not harmless. See Crumley, supra.
*109 As the United States Supreme Court stated in Davis v. Alaska, supra:
"We cannot speculate as to whether the jury, as sole judge of the credibility of a witness, would have accepted this line of reasoning had counsel been permitted to fully present it. But we do conclude that the jurors were entitled to have the benefit of the defense theory before them so that they could make an informed judgment as to the weight to place on Green's testimony which provided `a crucial link in the proof ... of petitioner's act.' Douglas v. Alabama, 380 U.S. 415, at 419, 85 S.Ct. [1074] at 1077, 13 L.Ed.2d 934. The accuracy and truthfulness of Green's testimony were key elements in the State's case against petitioner. The claim of bias which the defense sought to develop was admissible to afford a basis for an inference of undue pressure because of Green's vulnerable status as a probationer."
Davis, supra at 1111.
Thus, the error committed here requires a reversal of this cause.

II
We must address briefly another issue raised by the appellant on appeal. During defense counsel's cross-examination of Eastland, she was asked if a civil suit had been filed against her as a result of the shooting that occurred at her house. The State's objection to the question was sustained.
"The case law of this state has consistently held the institution of a civil suit arising out of the same facts as a criminal prosecution to be within the permissible scope of cross-examination to show bias on the part of the witness. This rule is augmented by the public policy of this state as codified in § 12-21-137, Code 1975, which mandates the right of every party to a `thorough and sifting' cross-examination of the opponent's witnesses. Riley v. City of Huntsville, 379 So.2d 557 (Ala.1980).
"The general rule, from which the more narrow rule here under consideration evolved, is stated in Green v. State, 258 Ala. 471, 64 So.2d 84 (1953):
"It is always competent on cross-examination to make such interrogation of a witness as would tend to test his interest, bias or prejudice or to illustrate or impeach the accuracy of his testimony. See also, Morrison v. State, 267 Ala. 1, 100 So.2d 744 (1957).
"In the discharge of its fact finding functions the jury's search for the truth includes the paramount right to consider a witness's motivation, and any evidence testing `his interest, bias or prejudice' so as to illustrate or impeach the accuracy of his testimony' is a competent, material and relevant subject of cross-examination, and the jury's right to be given such evidence is, of itself, part of the fact finding process. Green v. State, supra."
Ex parte Brooks, 393 So.2d 486, 487-88 (Ala.1980). See also Calhoun v. State, 487 So.2d 265 (Ala.Crim.App.1986).
This rule is not limited to civil suits between the State's witnesses and the defendant. Reeves v. State, 432 So.2d 543 (Ala. Crim.App.1983), but also includes civil suits between defense witnesses and the prosecuting witness. Gunn v. State, 387 So.2d 280 (Ala.Crim.App.), cert. denied, 387 So.2d 283 (Ala.1980). Furthermore, this rule includes civil suits which involve third parties. Reeves, supra.
Defense counsel's question to Eastland indicates that Eastland was the party being sued as a result of this shooting that occurred at her house. The question did not indicate whether she was being sued by the appellant, the victim's estate or a third party. The trial judge's action in sustaining the objection to the question thwarted defense counsel's attempt to demonstrate Eastland's bias against the appellant by showing that a civil action growing out of the same transaction upon which this criminal prosecution is based, had been filed against her. Defense counsel should have been allowed to develop this line of questioning, at least to the extent that it could be determined whether Eastland might be biased as a result of the pending civil suit *110 against her. Thus, reversible error also occurred on this point.
It is unnecessary for this court to address the remaining two issues raised by the appellant on appeal. For the reasons stated above, this cause is hereby reversed and remanded to the trial court, for a new trial.
REVERSED AND REMANDED.
All the Judges concur.
BOWEN, P.J., concurs specially, with opinion.
BOWEN, Presiding Judge, concurring specially.
I concur with the opinion authored by Judge Tyson. However, with regard to Issue I, I do not construe that opinion as creating a general rule permitting a wit ness to be cross examined about a pending indictment or charge without regard to the particular facts and circumstances involved in each case. I adhere to the view expressed in Woodard v. State, 489 So.2d 1 (Ala.Cr.App.1986).