TAYLOR, Judge.
The appellant, Glen Edward Stokes, was convicted of attempted rape in the first degree and of attempted sodomy in the first degree. He was sentenced to 10 years in prison for each offense with the sentences to run concurrently.
The state’s evidence tended to show that the appellant attempted to rape and to sodomize the victim while she was employed by the Red Carpet Inn in Mobile, Alabama. The victim was a member of the housekeeping staff at the motel. As she opened one of the upstairs rooms to clean it, the appellant pushed her into the room, locked the door and closed the curtains. The victim believed that the appellant had a gun, and she initially did what he asked her to do. As she was undressing, she discovered that the appellant was unarmed. She screamed and the appellant fled.
I
The appellant was 20 years old at the time of the offenses. He contends that it was reversible error for the trial judge to fail to apprise him, prior to his conviction, of his right to request consideration under the Youthful Offender Act. It is the appellant’s position that his conviction should be set aside and the case should be remanded so that the trial court can determine whether the appellant should be accorded youthful offender status as provided by § 15 — 19— 1, Code of Alabama 1975.
As a general rule, the trial court has an affirmative duty to apprise those defendants under the age of 21 of their right to request treatment under the Youthful Offender Act. Robinson v. State, 429 So.2d 682 (Ala.Cr.App.1983); Bledsoe v. State, 409 So.2d 924 (Ala.Cr.App.1981). There is not, however, a prescribed format that must be followed by the trial judge. Goolsby v. State, 492 So.2d 635 (Ala.Cr.App.1986).
The appellant in this case did not make a motion or request to be treated as a youthful offender. He also was not apprised of his right to apply for such treatment until the sentencing hearing, because it was not until that time that the trial judge learned of the appellant’s age.
The appellant would have us reverse his conviction on the authority of Ex parte Petty, 548 So.2d 636 (Ala.1989). In Petty, the Alabama Supreme Court stated:
“We hold, then, that while a trial court should inform a youthful defendant of the provisions of the Youthful Offender Act prior to the plea stage, its failure to do so will not constitute reversible error if the court gives adequate notice prior to conviction, unless, of course, the defendant entered a plea of ‘guilty’ to the charges against him, without notice of the Act, or he can otherwise show that he has been prejudiced by the court’s delay.”
548 So.2d at 638.
In Petty, the trial judge was first made aware of Petty’s age at the end of the first day of trial. The judge informed Petty of the provisions of the Youthful Offender Act, and Petty thereupon applied for treatment as a youthful offender, but the court denied the application. The trial court’s denial was based upon what it knew at that time, including the testimony taken the first day of trial, which revealed the manner in which the crime was committed. Petty argued that his conviction should be *1332 reversed because of the delay in apprising him of his right to apply for youthful offender status. Judge Bowen, speaking for this court, said: “The denial of that status only after the trial has begun does not warrant a reversal of the conviction where the denial is not arbitrary and does not constitute an abuse of discretion.” Petty v. State, 548 So.2d 682, 635 (Ala.Cr.App.1989).
The language of the appellate courts in dealing with Petty establishes the same principle: if an accused is not apprised of his right to apply for youthful offender status and has not pleaded “guilty,” then the accused is not prejudiced by a tardy determination of whether to grant youthful offender status.
There is no requirement that a conviction be set aside merely because the trial judge did not inform the defendant of his right to apply for youthful offender treatment. Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975); Cooks v. State, 55 Ala.App. 537, 317 So.2d 504 (Ala.Cr.App.1974), aff’d, 294 Ala. 754, 317 So.2d 505 (1975).
The ordinary remedy in such a case is to remand the case for a hearing, so that the trial judge may make any necessary inquiry concerning the appellant, and make a determination concerning youthful offender status. Prince v. State, 392 So.2d 853 (Ala.Cr.App.1980), cert. denied, 392 So.2d 857 (1981).
The trial judge in this case has made a remand unnecessary. Upon belatedly learning of the appellant’s age, he stated on the record and in the appellant’s presence:
“I learned for the first time in reading this report yesterday [that the] date of birth of the defendant was 10/27/70, which would have made him twenty years old at the time. I have marked the pre-sentence investigation report as Court’s Exhibit A. The court was never asked to make any determination as to whether any youthful offender treatment was or was not made.... But, for the record, if I were considering this as youthful offender, I would have denied any youthful offender treatment and can consider that I’m doing that now, not because of the nature of the charges, but the manner in which these two offenses were committed at the Red Carpet Inn, and, by the way, it has a pretty good description of what I am referring to in the pre-sentence investigation report that I mark as Court’s Exhibit A. So, again, even though that was not requested, I make that determination and do that at this time and I have every reason to believe that this report supports what I have said.”
The trial judge in this case, therefore, considered youthful offender status and denied it. See generally, Turner v. State, 432 So.2d 4 (Ala.Cr.App.1983).
We will not reverse a court’s decision to grant or deny an application for youthful offender treatment unless “it affirmatively appears that the decision of the trial judge was arbitrary or made without some examination or investigation of the youthful offender.” Morgan v. State, 363 So.2d 1013, 1015 (Ala.Cr.App.1978). See also Reese v. State, 381 So.2d 107 (Ala.Cr.App.1980).
The trial judge’s reason for denying youthful offender status in this case was adequate.
“ ‘While the trial judge may not deny youthful offender status simply because of the nature or type of crime with which the accused is charged, it is entirely proper for a denial to be based on the manner in which the crime was executed, which would of necessity involve some form of investigation or examination....’”
Petty, 548 So.2d at 635, quoting McCovery v. State, 365 So.2d 358, 360 (Ala.Cr.App.1978).
The appellant’s statutory rights were not violated by these proceedings. The appellant gains nothing by failing to apprise the trial court of his age. He cannot later demand a reversal of his convictions because the court is unaware of his youth. All that is required is a determination of whether youthful offender status should be granted. This was done here.
*1333 II
The appellant next contends that the trial court erred in not allowing him to cross-examine the victim about a worker’s compensation claim she had filed against the Red Carpet Inn as a result of the attack. When the fact that she had filed a claim came out at trial, the court disallowed any questioning on this subject, stating that it was irrelevant to the current controversy. We agree.
The basic premise is that the bias of a witness against an accused is relevant to that witness’s credibility. Evidence of a victim’s filing a civil action against the accused is always relevant and admissible in the criminal trial of the accused. C. Gamble, McElroy’s Alabama Evidence § 149.01(10) (4th ed. 1991). Doubts in the court’s mind as to whether to allow wide-ranging cross-examination should usually be resolved in favor of the questioner.
In Moody v. State, 495 So.2d 104 (Ala.Cr.App.), cert. denied, 495 So.2d 110 (Ala.1986), this court held that the trial court abused its discretion in not allowing defense counsel to cross-examine Ms. East-land, a state’s witness, about a pending indictment filed against her.
“Defense counsel was trying to find out whether Eastland’s testimony ... w[as] affected by the fact that she had been indicted on cocaine charges. Certainly the fear of prosecution of Eastland by the State might cause her to testify favorably on behalf of the State. Moreover, defense counsel should have been allowed to determine if any promises of leniency had been made to Eastland in return for her testifying favorable to the State.”
495 So.2d at 106. We believe that Judge Bowen was correct in his special concurrence in Moody, that the decision should be limited to the particular facts of each case.
The facts here are distinguishable from the facts in Moody. In Moody, the witness could have easily been compelled to bring her testimony in line with the state’s case because she was facing prosecution by the State herself. In this case, the fact that the victim had filed a worker’s compensation claim for the injuries she received while on the job had no bearing on the appellant’s trial. “Workmen’s or Workers’ Compensation Acts” is defined as follows:
“The effect of most workmen’s or workers’ compensation acts is to make the employer strictly liable to an employee for injuries sustained by the employee which arise out of and in the course of employment, without regard to the negligence of the employer or that of the employee.”
Black’s Law Dictionary 1605 (6th ed. 1990). Whether the appellant was found guilty or not guilty of attempted rape would not affect the victim’s claim for benefits under worker’s compensation. The holding in this case should not be construed to limit the admissibility in all situations where a witness is cross-examined concerning filing a worker’s compensation claim.
The court did not err in limiting cross-examination on the filing of a worker’s compensation claim.
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.